WILLIAM H. VAN SCOYOC & another *vs.* BOARD
OF HEALTH OF SHERBORN.

Middlesex.     January 13, 1976. — February 20, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Summary judgment, Extraordinary relief. *Health, Board of. Public Health. Sewage.*

It was within the discretion of a town's board of health under G. L. c. 111, § 127B, to enforce provisions of the State Sanitary Code against the owners of a home rather than against the builders who may have been responsible for the violation. [101]

On a counterclaim by a town's board of health seeking to enforce provisions of the State Sanitary Code against homeowners, the court was justified in entering judgment for the board where the existence of a defect in the home's septic system was established by the pleadings even though there was no admission or stipulation that seepage from the system was continuing. [101-102]

PETITION for a writ of mandamus filed in the Superior Court on June 24, 1974.

A motion for judgment on the pleadings was heard by *Zarrow, J.*

The case was submitted on briefs.

*Andrew Gill Meyer* for the plaintiffs.

*Reginald H. Howe* for the defendant.

HALE, C.J.    The plaintiffs, purchasers of a new home, brought this action seeking relief formerly available by writ of mandamus to compel the Sherborn board of health (board) to enforce the State Sanitary Code against the builders of the home.[1] The board counterclaimed seeking to enforce compliance with the code by the plaintiffs. A Superior Court judge entered a summary judgment which dismissed the complaint and which ordered the plaintiffs to bring the septic system serving the house into compliance with the code within thirty days. From this judgment the plaintiffs appeal.

We summarize the allegations of the complaint. The plaintiffs purchased a new house on approximately two acres of land in Sherborn from the builders, a realty trust, in July of 1971. In the summer of 1972, sewage began to seep out onto the surface of the leaching field of the plaintiffs' septic tank. This seepage resulted from improper construction of the disposal system and "caused an obnoxious smell and constitutes a hazard to the health and well-being of the [plaintiffs]."

The plaintiffs complained to the board which, on August 18, 1972, informed the builders that the finished grading did not conform to the building plan approved by the board under which the house and disposal system were

---

[1] This action was brought as a petition for a writ of mandamus on June 24, 1974. The order of notice issued on the petition was made returnable on July 8, 1974. We use the titles and nomenclature throughout this opinion as if the action had been brought after July 1, 1974, the effective date of the new Massachusetts Rules of Civil Procedure and of G. L. c. 249, § 5, as amended through St. 1973, c. 1114, § 291. See Mass.R.Civ.P. 1A, 365 Mass. 731 (1974).

built. The board directed the builders to "take immediate steps to correct the grading on this lot so that it conforms to the approved plan." The board sent another similar directive to the builders on October 3, 1973. The builders have not complied with the directives, nor has anything further been done by the board to secure compliance.

Meanwhile, on June 22, 1973, the board wrote to the male plaintiff informing him that he was in violation of Regulation 2.19 of Article XI of the State Sanitary Code, which provides that "[n]o sanitary sewage or industrial waste shall be allowed to discharge or spill onto the surface of the ground ... nor shall such material discharge onto any private property."[2] At some time in 1973 the plaintiffs brought a suit against the builders for breach of warranty, basing their claim on the defective septic system. That suit failed because a release of all claims had been given to the builders on May 2, 1972.

Based on the foregoing, the plaintiffs prayed "[t]hat the court order a peremptory Writ of Mandamus to issue to the Respondents ordering the Board to secure immediate compliance by [the builders] with the rules and regulations of the Board."

The answer filed by the board does not dispute the plaintiffs' allegations of fact to any material degree. We summarize the allegations of the board's counterclaim which were admitted by the plaintiffs in their answer.

In August, 1972, and at various times thereafter, the

---

[2] We consider that the described conditions would more properly be subject to Regulation 2.18 than to Regulation 2.19 and certainly would be governed by G. L. c. 111, § 127B. As no issue has been raised as to which regulation or statute governs and as the outcome of the case would not be affected, we need not concern ourselves further with this question.

Regulations 2.18 and 2.19 read as follows:

§ 2.18: "Maintenance — Sewage disposal works shall be maintained in a manner that will not create objectionable conditions or cause the works to become a source of pollution to any of the waters of the Commonwealth."

§ 2.19: "Discharge to surface of Ground — No sanitary sewage or industrial waste shall be allowed to discharge or spill onto the surface of the ground ...."

board inspected the plaintiffs' lot and found that the grad-
ing of the leaching field was not performed in accordance
with the original plans and specifications; that the septic
system was not functioning properly; that sewage was
coming to the surface of the leaching field; and that those
conditions constituted a nuisance which might endanger
or materially impair the health of the occupants or the
public.

The plaintiffs also admitted that the board had made
efforts to have the unsanitary conditions corrected by the
plaintiffs or the builders; that the defendant had given
the plaintiffs formal written notice that the unsanitary
conditions on their lot were in violation of the State Sani-
tary Code; that they had ordered the plaintiffs to bring
the septic system and conditions on their lot into compli-
ance with the code, and that the septic system had not
been brought into compliance. Finally, the plaintiffs admit
that the system continues to be in violation of the Code.
Based on the foregoing, the board requested that the
court declare the septic system on the plaintiffs' lot to be
in violation of the State Sanitary Code and order the
plaintiffs to bring the system into compliance.

The plaintiffs, while conceding that the septic tank "has
not been brought into compliance with the State Sanitary
Code, and [that they] are continuing to maintain such
system in violation of the code" deny that sewage con-
tinues to seep onto the surface.

The board moved for judgment on the pleadings
(Mass.R.Civ.P. 12(c), 365 Mass. 756 [1974]), and a Su-
perior Court judge, treating the motion as one for sum-
mary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]),
entered the judgment from which the plaintiffs appeal.[3]

We consider the case to be particularly appropriate for
disposition in a summary manner. The parties have been

---

[3] The record is unclear whether judgment would have been more
properly entered on the pleadings under Mass.R.Civ.P. 12(c) rather
than under Mass.R.Civ.P. 56. However, as no question has been raised
in this regard and as the result would not be affected, we need not
decide which rule was appropriate.

candid and specific in their pleadings and have left no genuine dispute as to any material fact. Only the legal question remains to be resolved. See *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976).

1. The complaint was properly dismissed. We shall assume that the board could have proceeded against the builders, as the plaintiffs seek to have it ordered to do. General Laws c. 111, § 127A, as amended through St. 1973, c. 880, provides that local boards of health shall enforce the State Sanitary Code. Regulation 23.1 of Article XI of that code provides that where there is a failure to comply with the code the board of health may order the persons responsible to comply with the violated provisions. No doubt it could be said on these facts that the builders as well as the plaintiffs were responsible for the defective septic system and the seeping sewage. General Laws c. 111, § 127B, authorizes the board of health, once it has determined that a dwelling place is or may become a nuisance or may be a cause of sickness or home accidents to the occupants or to the public, to require the owner or occupant to put the premises in a clean condition or to comply with the rules and regulations of the board of health. There is no requirement that the board of health take action against every person who has contributed to the creation of an unsanitary condition. The board has discretion not only as to whom it will proceed against but also as to which of the several enforcement methods it may employ. Mandamus may not be employed against the board to compel it to exercise its discretion in any particular fashion. See *Channel Fish Co. Inc.* v. *Boston Fish Market Corp.* 359 Mass. 185, 187-188 (1971); *West Broadway Task Force, Inc.* v. *Commissioner of Dept. of Community Affairs,* 363 Mass. 745, 751 (1973).

2. The trial judge properly entered judgment granting the relief sought by the board in its counterclaim. It is clear from the admitted facts that the septic system on the plaintiffs' lot is maintained in violation of the State Sanitary Code. The plaintiffs argue that judgment should not have been entered because there was no admission or

stipulation that the seepage of sewage onto the surface was ongoing. They also assert that the resolution of the question whether the plaintiffs are now in violation of the State Sanitary Code depends on whether sewage is now coming to the surface, and without an evidentiary hearing to determine whether in fact those conditions exist there would be no justification for the court to allow the counterclaim.

It is not essential to the granting of the relief sought on the counterclaim that sewage be flowing out onto the ground at any given moment. It is enough that a defect in the system be shown to have resulted in seepage in the past and that such defect has not been corrected. Those conditions were established by the pleadings in this case and constituted a sufficient basis for the court's action on the counterclaim.

The judgment contains no specific order as to what the plaintiffs must do in order to bring the septic system into compliance with the State Sanitary Code, and the matter is to stand for hearing in the Superior Court to determine the precise language of the order to be entered in the judgment. The judgment is otherwise affirmed.

*So ordered.*