· LAURA GREEN & another[1] *vs.* BOARD OF APPEALS
OF PROVINCETOWN & others.[2]

Barnstable.    March 6, 1989. — April 10, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Zoning appeal, Parties. *Zoning,* Appeal, Enforcement, Non-conforming use or structure, Parties, Person aggrieved. *Statute,* Construction. *Words,* "Person aggrieved."

Two nonaggrieved parties, a business competitor of persons seeking changes of activities at their premises and a town resident relying on an asserted general right to seek enforcement of applicable law, lacked standing to compel zoning enforcement by seeking administrative relief from the town's board of appeals under G. L. c. 40A, § 8, or, after exhausting administrative remedies, by obtaining judicial review under § 17. [573-574]

CIVIL ACTION commenced in the Superior Court Department on May 22, 1986.

The case was heard by *John J. Irwin, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert A. Bianchi* for Wyman & Wyman of Provincetown, Inc.

*Robert W. Ritchie,* for City Solicitors and Town Counsel Association, amicus curiae, submitted a brief.

WILKINS, J. We consider on further appellate review a standing question in a zoning case that divided an enlarged panel of the Appeals Court. *Green* v. *Board of Appeals of Provincetown,* 26 Mass. App. Ct. 469 (1988). *Id.* at 480 (Kass, J., dissenting) (six to two decision).

In February, 1986, the Provincetown building inspector determined that no special permit was required under the zoning

---

[1] Cape Tip Investment, Inc.

[2] Wyman & Wyman of Provincetown, Inc.; board of selectmen of Provincetown; Roscob Limited Partnership; and Cicero International, Inc.

by-law to authorize proposed changes of activities at certain premises. The plaintiff Green, a Provincetown resident, but not shown to have been aggrieved in the traditional sense by the building inspector's decision,[3] appealed to the zoning board of appeals. Only a person "aggrieved" by a decision of the building inspector may appeal to the board of appeals. G. L. c. 40A, § 8 (1986 ed.). The board of appeals affirmed the decision of the building inspector. Green appealed to the Superior Court. Cape Tip Investment, Inc., a business competitor of persons using the particular premises and not aggrieved in the traditional sense either,[4] joined the appeal. Only a person "aggrieved" by a decision of a board of appeals may seek judicial review. G. L. c. 40A, § 17 (1986 ed.).[5]

The Appeals Court held that the plaintiffs, although not aggrieved parties in the traditional sense, had the right both to challenge the building inspector's decision by appealing to the board of appeals and to challenge the board's decision by appealing to the Superior Court. Deciding that the Legislature really did not mean to foreclose enforcement proceedings of this type, the Appeals Court achieved this result by substantially reading the word "aggrieved" out of the statute as applied to persons like the plaintiffs in these circumstances. At the least it gave the word a new and docile meaning for this kind of challenge brought to enforce zoning regulations, while preserving the word in its traditional sense in other applications under G. L. c. 40A. The Appeals Court has in effect preserved the right to seek enforcement of the zoning law by an action in the nature of mandamus but has recognized that, following the

---

[3] See *Godfrey* v. *Building Comm'r of Boston*, 263 Mass. 589, 593 (1928). Green made no claim to status as an aggrieved person but rather relied on an asserted general right to seek enforcement of applicable law. See *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 519 (1965).

[4] A business competitor does not have standing as an aggrieved party. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430-431 (1949). *Sherrill House, Inc.* v. *Board of Appeal of Boston*, 19 Mass. App. Ct. 274, 275-277 (1985). *Waltham Motor Inn, Inc.* v. *LaCava*, 3 Mass. App. Ct. 210, 217 (1975).

[5] In addition to persons who have rights to appeal to the board of appeals and to court, municipal officers and boards have such rights. See G. L. c. 40A, §§ 8, 13, 17.

adoption of the Zoning Act in 1975 (St. 1975, c. 808, § 3), that right must be exercised within the administrative structure and right of subsequent judicial review prescribed by G. L. c. 40A. See *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 519 (1965), as to the common law right to seek enforcement, and *Vokes* v. *Avery W. Lovell, Inc.*, 18 Mass. App. Ct. 471, 482-483 (1984), as to the use of an initial administrative proceeding rather than a solely judicial route to seek enforcement of zoning regulations.

We reject the view that that word "aggrieved" as applied to a person means different things in different parts of G. L. c. 40A. The dissenting opinion in the Appeals Court is correct in saying that the Legislature should be presumed to know the meaning given to these words by judicial decision. 26 Mass. App. Ct. at 481. If the Legislature had intended that a nonaggrieved person could compel zoning enforcement by an appeal to a board of appeals and then to court, it could easily have said so. *Id.* Moreover, the same words in different parts of a statute enacted at the same time, barring some contrary indication in the statute, should receive the same meaning. See *Plymouth County Nuclear Information Comm'n* v. *Energy Facilities Siting Council*, 374 Mass. 236, 240 (1978). There is no such contrary indication in the language with which we are concerned. In fact, G. L. c. 40A appears to recognize the distinction between a right of a nonaggrieved person to seek enforcement (see § 7) and the greater right of an aggrieved person to start an administrative proceeding seeking to compel enforcement (see § 8). Under § 7, a person in writing may request a building inspector to enforce the zoning by-law and is entitled to a written response. The person need not be aggrieved. To go beyond that stage, if the request for enforcement is rejected, a party must be aggrieved.

The Appeals Court recognized but elected not to follow statements in its own opinions which tend to support the view that, in the circumstances of a case like this, a person must be aggrieved in order to obtain relief through the administrative and judicial appellate processes. See *Butts* v. *Zoning Bd. of Appeals of Falmouth*, 18 Mass. App. Ct. 249, 253 (1984)

("under G. L. c. 40A, §§ 8 and 13, only a 'person aggrieved' by an order or decision of an administrative official may appeal to the zoning board of appeals"); *Chongris* v. *Board of Appeals of Andover*, 17 Mass. App. Ct. 999, 1000 (1984) ("Aggrieved person status is no less a jurisdictional condition to maintaining an appeal to a board of appeal under G. L. c. 40A, § 8, than it is to maintaining judicial review under § 17"). If one attributes to the word "aggrieved" its traditional meaning, the Appeals Court said it just right in 1984: "Thus, with the enactment of the new Zoning Act, the *Brady* [*Brady* v. *Board of Appeals of Westport, supra*] right to mandamus as a remedy for zoning violations . . . became a right to request the officer charged with enforcing local zoning to enforce the by-law under G. L. c. 40A, § 7, and, *if the requesting party is aggrieved by the inspector's decision*, a right to seek administrative relief from the board under G. L. c. 40A, §§ 8 and 15, and, after exhausting administrative remedies, a right to obtain judicial review pursuant to G. L. c. 40A, § 17" (emphasis supplied). *Vokes* v. *Avery W. Lovell, Inc.*, 18 Mass. App. Ct. 471, 482-483 (1984).

The judgment of the Superior Court is reversed and a new judgment shall be entered dismissing the plaintiffs' complaint and supplemental complaint and containing those provisions of the judgment of September 18, 1986, that directed distribution of notice of the judgment and dismissed the interveners' counterclaim.

*So ordered.*