Fremont-Smith, J.
Plaintiffs appeal from the granting of a special permit to SK Properties, Inc. by defendant members of the Shrewsbury Board of Appeals to construct an assisted living care housing facility for elderly residents. The unverified complaint seeks a declaration that the Board erred in permitting the proposed use based upon an erroneous interpretation of the zoning bylaw and seeks to have the special permit annulled.
*601 Defendant moves for summary judgment, alleging that, on the undisputed facts, plaintiffs lack standing because they are not “aggrieved” persons.
It is agreed that the plaintiffs are officers, owners and residents of a continuing care facility and an affiliated nursing home located over two thousand feet away from the proposed assisted living care facility for which the permit was granted and that none of them are located in the same zoning district or an abutting district to the one in question.
Plaintiffs complain that the Board of Appeals wrongfully interpreted “nursing home” (which is a permitted use by special exception) to encompass an “assisted living facility,” which interpretation would permit an assisted living facility to locate in the plaintiffs’ district. They contend that their concern about this provides them with a legitimate interest in the integrity of the bylaw, affording them standing.
Here, however, even any minimal physical impact is totally lacking, see Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719 (1996), and a generalized civic interest of citizens or residents in a zoning decision has specifically been held not to confer standing. Chongis v. Board of Appeals of Andover, 17 Mass.App.Ct. 999, 999-1000 (1984); Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491 (1989). Similarly, a person’s concern about possible business competition which may result from the issuance of a permit has been determined not to constitute a reason for “aggrieved party” status. Waltham Motor, Inc. v. LaCava, 3 Mass.App.Ct. 210, 214, 218 (1975); Green v. Board of Appeals of Provincetown, 404 Mass. 571, 572, note 4 (1989).
Plaintiffs further rely on Monks v. Zoning Board of Appeals of Plymouth, 37 Mass.App.Ct. 685 (1994), to argue that “aggrieved status” may be conferred by a town’s creation and definition of a “protected interest” which will be impacted, in regard to plaintiffs, by the issuance of the permit. In Monks, the bylaw allowed structures over 35 feet high to be built only upon a finding by the Board of Appeals that they would “not detract from the visual character of the adjoining buildings, neighborhood or Town as a whole.” The Court allowed standing to the plaintiff, who was geographically located some distance away but at a place where the high structure would have been visible. Here, plaintiffs argue that the Shrewsbury Bylaw similarly conditions the grant of a special permit upon the proposed use being found to be “appropriate and that it will not create a nuisance by virtue of noise, odor, smoke, vibration, traffic generated, unsightliness or other conditions detrimental to public good.” It is a “real stretch,” however, for plaintiffs to argue, as they do, that the words “appropriate” and “public good,” as used in the Bylaw, should be read to confer “aggrieved party” status on persons who have an interest in a particular interpretation of the Bylaw but who are physically remote from the situs and will not be physically impacted by the proposed structure or use in any tangible way. Cf. Monks, supra. Accordingly, the Court concludes that the plaintiffs are not aggrieved persons who may challenge the granting of the permit here.
ORDER
For the reasons stated, defendants’ motion for summary judgment is ALLOWED, plaintiffs’ cross-motion for summary judgment is DENIED, and plaintiffs’ action is DISMISSED.