Travers, J.
INTRODUCTION
On July 11, 1997, the Plaintiff, Liberty Commons Really Trust (Plaintiff) filed a motion for judgment on the pleadings. Subsequently, on November 21, 1997, at a hearing on the present motion, the Court (Travers, J.), allowed Plaintiffs motion to treat the motion for judgment on the pleadings as a motion for summary judgment. The Court thus addresses the present motion as a motion for summary judgment.
The Defendant, Leominster Materials Corporation (LMC) opposed the motion for summary judgment. No opposition was received by the individual Defendants constituting the Board of Appeals for the City of Leominster.
BACKGROUND
The Court notes at the outset that the Plaintiff, the moving party, provided only two letters, dated December 3, 1986 and September 6, 1991, in support of the factual allegations contained within its motion for summary judgment. Thus, the facts outlined below are as construed from these two letters and by those supporting affidavits and materials submitted by LMC in opposition to the Plaintiffs motion.
The present action is the result of a history of antagonism between the Plaintiff and LMC. The Plaintiff owns a condominium complex in Leominster known as the Wildwood Condominiums. The original owners, Gerald J. Crowley and Jeannie Barry, were granted a conditional variance by the Leominster Board of Appeals after a hearing on December 1, 1986, which allowed Crowley to build the condominium complex. The condition set forth in the Board’s Findings and Decision was that “a buffer be maintained between the properties agreeable to both Gerald J. Crowley, the applicant and to Dominic Testa, Jr., of 154 Willard St., Leominster, Ma. the abutter.” Although the recapitulation of the hearing was set forth, indicating that fifteen acres of land were to be deeded to the City of Leominster, this was not made a condition in the Board’s Findings and Decision. Rather, this appears to be the statement of Pat Scorzelli, acting for Crowley through a power of attorney, while detailing the project.
As set forth in a letter dated December 3, 1986, the Leominster Planning Board conditionally approved the construction of the one hundred forty units in a condominium complex off Willard Street in Leominster, Massachusetts. The conditions placed on the ap *136 proval were as follows: “1. The applicant/owner will permanently deed restrict the rear parcel denoted on the Site Plan as Limited Industrial II to remain as such; 2. The applicant/owner will widen the private driveway
On September 6, 1991, the Leominster Planning Board sent a letter to the Legal Affairs Committee of the City Counsel. The letter informed the Chairman that, after public hearing, the Planning Board voted to rezone the surrounding area to Planned Development District, given the “predominance of single family and multi-family uses in the area.” It is unclear whether this area included the rear parcel at issue.
According to the affidavit of Paul J. Keating, President of LMC, in 1995, the Plaintiff began construction of an apartment complex on the rear parcel of land which was to be deed restricted as Limited Industrial II. Keating further states that upon information and belief, that parcel of land was never deed restricted. This Court refuses to give evidentiary value to this latter statement, as it does not verify that Keating did a search of the title on that parcel which would otherwise reveal whether there is actually a deed restriction on record.
LMC owns property on Jungle Road, Leominster, which is located near the Plaintiffs property. LMC obtained approval of a Site Plan which requires LMC to remove rock and ledge. The Plaintiff appealed the approval of the Plan to the Board of Appeals. The Board denied the appeal on the ground that it lacked jurisdiction over the approval of the Site Plan. The Plaintiff filed a complaint with the Superior Court seeking an order that, inter alia, the Board’s decision was arbitrary and capricious, and that the Board has jurisdiction. This matter was dismissed.
The attachments to the unverified complaint are set forth for purpose of establishing the facts as they exist at the present time. On April 3, 1996, LMC requested that the Leominster Director of Inspections issue a cease and desist order to prevent the Plaintiff from completing the construction and the occupation of the apartment complex; the building permit and certificates of occupancy be revoked; the apartment buildings be dismantled and removed from the parcel of land, and that only activities within the Limited Industrial II use be allowed on that parcel. It is unclear whether any action was taken by the Inspector, however, LMC appealed to the Board of Appeals in the Office of the Building Inspector on July 18, 1996.
On August 5, 1996, the Plaintiff sought injunctive and declaratory relief in an effort to determine whether Board members have a conflict of interest which would prevent them from hearing LMC’s appeal. On August 7, 1996, the Superior Court (Fremont-Smith, J.) ordered that the appeal be postponed until after a trial on the merits was completed. The Court ordered in the alternative that the appeal could go forward if the Board members in question voluntarily recused themselves. A subsequent order issued on September 3, 1996 (Travers, J.), held that the hearing on the appeal “shall not be held prior to October 2, 1996, without further order of this Court or the consent of the parties to this action.”
There is no indication what action, if any, was taken by the Board. LMC delivered a letter to the City Clerk’s office on November 8, 1996, stating that the Board of Appeals did not act, and therefore, LMC’s appeal is presumptively allowed.
The present Complaint followed on November 21, 1996. Through the Complaint, the Plaintiff is seeking an order annulling the Board’s purported constructive approval, allowing the Plaintiff to use and occupy the apartment complex, and award attorneys fees and costs for filing a frivolous appeal which was not advanced in good faith.
The Plaintiff seeks summary judgment on its Complaint, alleging that there are no material facts in dispute and it is entitled to judgment as a matter of law. Specifically, the Plaintiff alleges that LMC lacks standing to appeal the Inspector’s inaction, because it is not an aggrieved party, that the Board lacks jurisdiction over the issue, and the Board cannot require the Plaintiff to permanently deed restrict the parcel. LMC opposes the motion for summary judgment, arguing that the parcel where the complex is located is subject to the permanent deed restriction, and thus it is entitled to have the complex dismantled and shut down as an aggrieved party.
DISCUSSION
A. Summary Judgment Standard
Summary judgment will be granted where there are no genuine issues of material fact and where the record presented entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c) (1997). The moving party bears “the burden of demonstrating that there is no genuine issue of material fact on every relevant issue.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “[A] parly moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in rule 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17.
*137 B. The Merits
The facts of this case are not in dispute. LMC sets forth what it believes to be many instances of genuine issues of material fact, however, each of these is actually a question of law. Questions of jurisdiction, standing and authority are all questions of law.
The building inspector has authority to enforce zoning regulations under G.L.c. 40A, §7. The underlying issue is whether LMC had standing to seek a remedy from that authority. Section 7 allows any person to request enforcement of a zoning ordinance. Thus, LMC had standing to request that the Leominster Inspector investigate and redress the Plaintiffs alleged violations.
Despite LMC’s written request to enforce the zoning regulations, the Inspector failed to make a written decision within fourteen days. See G.L.c. 40A, §7. A written report with findings by the inspector is a prerequisite to an appeal, see Vokes v. Avery W. Lovell, Inc., 18 Mass.App.Ct. 471, 477-78 (1984), however, if the absence of such a report is not objected to in a timely manner, the “defect” need not be given notice by the court. See Hogan v. Hayes, 19 Mass.App.Ct. 399, 402-03 (1985). See also Worcester County Christian Communications, Inc. v. Board of Appeals of Spencer, 22 Mass.App.Ct. 83, 85-86 (1986) (the Board’s failure to object to the absence of the Inspector’s written report “constituted a waiver of the claimed jurisdictional defect”). Although the case law is unclear as to how much time is provided for the Board or other interested persons to raise the issue of the absence of an inspector’s written report, such an objection must be made at least before an appeal is sought. See id. at 85.
Although anyone can request the inspector to investigate, only a “person aggrieved” can appeal the decision of the Inspector. See G.L.c. 40A, §8. For LMC’s appeal to be proper, LMC must be a person aggrieved within the definition of the statute. The ability to request enforcement of the zoning laws under section 7 confer upon the requesting party “aggrieved person” status as required in section 8. See Green v. Board of Appeals of Provincetown, 404 Mass. 571, 573 (1989); G.L.c. 40A, §§7, 8.
A person aggrieved, when used in the General Laws, “denotes private rather than governmental or public interest... In zoning litigation, the statutory phrase ‘person aggrieved’ which appears in §§8 and 17 of G.L.c. 40A, has meant someone who can assert a plausible claim of private right, private property interest, or private legal interest as opposed to a general public concern about a zoning question.” Commonwealth v. Dowd, 37 Mass.App.Ct. 164, 166-67 (1994), citing Waltham Motor Inn, Inc. v. LaCava, 3 Mass.App.Ct. 210, 213-15 (1975).
In Green, supra, the Supreme Judicial Court rejected the majority opinion of the Appeals Court, which attempted to broaden the class of parties who fall into the “aggrieved person” category for purpose of chapter 40A, section 8 appeals. See Green, 404 Mass. at 572-73. Rather, the Appeals Court’s dissenting opinion properly sets forth the standard for statutory interpretation, stating that if “the Legislature had intended that a nonaggrieved person could compel zoning enforcement by a appeal to a board of appeals and then to court, it could easily have said so.” Id. at 53 (citation omitted).
The Appeals Court dissent (Kass, J.) notes that “the words ‘person aggrieved’ had acquired some twenty-five years worth of decisional veneer.” Green v. Board of Appeal of Provincetown, 26 Mass.App.Ct. 469, 481 (1988) (dissent). An aggrieved person is one who qualifies under the zoning act as a “parly in interest.” Id. at 482. A “party in interest” is defined as “abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters ■within three hundred feet of the property line of the petitioner, notwithstanding that the land of any such owner is located in another city or town, the planning board of the city or town, and the planning board of eveiy abutting city or town.” G.L.c. 40A, §11 (1996); quoted in Green, 26 Mass.App.Ct. at 482.
LMC attempts to demonstrate that it is a person aggrieved for the purpose of its appeal under G.L.c. 40A, §8. The summary judgment record is barren of supporting facts which would allow this Court to conclude that LMC is a party in interest as defined by c. 40A, §11. The summary judgment record does indicate that LMC’s property is 1,000 feet away from that of the Plaintiff, and the site maps submitted to the record indicate that there is a non-party property owner between the Plaintiff and LMC’s property. Thus, LMC is not an abutter, nor is LMC an abutter of an abutter whose property is within 300 feet of the Plaintiff.
For that reason, LMC’s standing, if at all, must rest upon LMC’s “private right, private property interest, or private legal interest” in revoking the permits and dismantling the structures on the property. In support of this effort, Keating, LMC’s president, indicates, by way of affidavit, that if allowed to remain intact and in operation, the Plaintiff will attempt to interfere with LMC’s building project in the future. This assumption is unfounded. LMC cannot know, and this Court will not surmise or speculate, what actions, if any, the Plaintiff will take in the future. LMC should be satisfied that the Plaintiffs two prior attempts to appeal the site plan, to the Board of Appeals and by way of a civil action in the Superior Court, resulted in failure. In addition, this Court assumes, without deciding, that the Plaintiff will encounter the same standing issues if it should make an effort to appeal again the approval of LMC’s site plans.
Finding that LMC is not a person aggrieved and thus lacks standing to pursue an appeal under G.L.c. *138 40A, §8, the Court does not address the remaining issues presented by the parties.
ORDER
For the foregoing reasons, the Plaintiff, Liberty Commons Realty Trust’s Motion for Summary Judgment is hereby ALLOWED as to the Defendant Leominster Materials Corporation.