Agnes, Peter W„ J.
The Defendant, Mark Brodeur (“Brodeur”), is the Building Inspector of the Town of Sterling. Brodeur has moved for dismissal of the Plaintiff, James F. Gettens’s (“Gettens”) complaint, which seeks review of a decision by the Town of Sterling Zoning Board. Brodeur argues that Gettens does not have standing to commence and prosecute the action and, therefore, the court lacks subject matter jurisdiction. For the reasons set forth below, Brodeur’s motion is ALLOWED.
BACKGROUND
On January 8, 2008, the Town of Sterling Zoning Board of Appeals approved a special permit, permitting Edward and Edith McNamara (the “McNamaras”) to make modifications to their existing non-conforming single-family seasonal residence at 55 Lakeshore Drive, Sterling, Massachusetts. On May 15, 2008, Brodeur issued a demolition permit to the McN-amaras, without notice to the adjoining property owners. Pursuant to the permit, the McNamaras demolished their non-conforming residence.
*469 On June 12, 2008, Brodeur issued a building permit to the McNamaras, which allowed them to build a new 1800 square foot two-story home. Gettens brought this complaint in the form of an action in the nature of mandamus, alleging that Brodeur improperly issued a building permit in violation of the special permit. Gettens also claims that Brodeur has failed to enforce the zoning bylaws of the Town despite Gettens’s written demand for enforcement.
DISCUSSION
Brodeur argues that the case should be dismissed because Gettens is not an aggrieved party and lacks standing to bring this complaint. Gettens argues that because Brodeur did not reply in writing to Gettens’s demand letter, pursuant to G.L.c. 40A, a complaint in the nature of mandamus is appropriate. Moreover, because mandamus is Gettens’s appropriate remedy, he has standing under the public right doctrine.
General Laws c. 40A provides that any party aggrieved by a decision of the board of appeals may appeal to this court and “the court shall hear all evidence pertinent to the authority of the board or special permit granting authority and determine the facts, and upon such facts as so determines, annul such decision if found to exceed the authority of such board . . .” G.L.c. 40A, §17. Here, Gettens does not claim that he was personally aggrieved by the actions of the Building inspector.
“ ‘[A]ggrievement’ for purposes of pursuing an appeal under G.L.c. 40A, §17, is a jurisdictional requirement.” Sweenie v. A.L. Prime Energy, 451 Mass. 539, 542 n.9 (2008). Under G.L.c. 40A, abutters to the locus are presumed to have standing to challenge the action of the building inspector in granting a permit as are others who can demonstrate that they have suffered some infringement of their legal rights. See Marshalian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 921-22 (1996); see also Harvard Square Def. v. Planning Bd. of Cambridge, 27 Mass.App.Ct. 491, 492 (1989) (holding that the “[i]ndividual of corporate property owners acquire standing by asserting a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest”).
Although a non-aggrieved party has a right to request a building inspector to enforce the zoning bylaw, there is a fundamental difference between the rights of an aggrieved party and a non-aggrieved party under G.L.c. 40A.
G.L.c. 40A appears to recognize the distinction between a right of a nonaggrieved person to seek enforcement (see §7) and the greater right of an aggrieved person to start an administrative proceeding seeking to compel enforcement (see §8). Under §7, a person in writing may request a building inspector to enforce the zoning by-law and is entitled to a written response. The person need not be aggrieved. To go beyond that stage, if the request for enforcement is rejected, a party must be aggrieved.
Green v. Board of Appeals of Provincetown, 404 Mass. 571, 573 (1983).
Gettens argues that Brodeur’s failure to respond to his enforcement request allows him to file a complaint in the nature of mandamus. In support of this contention, Gettens quotes Vokes v. Avery W. Lovell Inc., 18 Mass.App.Ct. 471, 479, n.11 (1984), wherein the Appeals Court stated, “[w]e leave for another occasion analysis of the concern that a slothful building inspector could prevent complaining parties from exercising their rights by doing nothing upon receipt of an enforcement request and whether, if the inspector refuses to act, the parties seeking enforcement may have an alternative to the time and expense which might accompany resort to a complaint in the nature of mandamus.” Gettens misinterprets this statement. Vokes is distinguishable in that the plaintiff in that case was an “aggrieved party” with standing to bring the action. Accordingly, as a non-aggrieved party, Gettens does not have a standing to bring this action, and this court therefore lacks jurisdiction to hear his complaint.
ORDER
Brodeur’s motion to dismiss the case for a lack of standing is ALLOWED.