ROBERT A. BORUCKI *vs.* W. MICHAEL RYAN, individually and as District Attorney for the Northwestern District. June 11, 1990. *Mental Health. Privacy. Statute*, Construction. *Practice, Civil*, Dismissal. *Actionable Tort*.

The sole issue before us is whether G. L. c. 123, § 36A,[1] creates a private right of action. After the plaintiff's arraignment on twenty-three complaints alleging malicious destruction of property arising out of damage to twenty-three airplanes at La Fleur Airport, Northampton, he was committed to Bridgewater State Hospital for determinations of competency to stand trial and criminal responsibility. See G. L. c. 123, § 15 (b). After a hearing at which, by stipulation, the competency report was admitted in evidence, the judge determined that the plaintiff was competent. Approximately two months later, the district attorney's office entered a nolle prosequi on all the charges. See Mass. R. Crim. P. 16, 378 Mass. 885 (1979). On the same day, the defendant held a press conference and openly discussed the contents of the report on criminal responsibility.

In 1986, the plaintiff brought a civil action alleging that the defendant's conduct in releasing information contained in the hospital report on criminal responsibility at a press conference was a violation of G. L. c. 123, § 36A. The plaintiff sought damages from the defendant. The defendant filed a motion to dismiss, see Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), claiming that violation of G. L. c. 123, § 36A, did not create a private cause of action. The motion was denied. Pursuant to G. L. c. 231, § 118, the defendant petitioned a single justice of the Appeals Court for permission to seek interlocutory review, which was allowed. We transferred the case to this court on our own motion. We agree with the defendant that G. L. c. 123, § 36A, does not create a private right of action. We therefore reverse and remand to the Superior Court for allowance of the defendant's motion to dismiss.

Clearly, the words of the statute do not expressly create any private cause of action. "Elementary rules of statutory construction require that each statute be interpreted as enacted." *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974). We also believe that, had the Legislature intended to create a private cause of action, it would not have permitted the judge's exercise of discretion to defeat that cause of action. Cf. G. L. c. 214, § 1B. The words of the statute, if we were to accept the plaintiff's argument, would do just that.

The history of the statute also does not support the plaintiff's position. Section 36A was enacted based on a bill filed with the House of Repre-

---

[1] The statute reads in relevant part: "All reports of examinations made to a court . . . shall be private except in the discretion of the court. . . ."

sentatives in 1972 by Franklin N. Flaschner, the then Chief Justice of the
District Courts. See St. 1972, c. 398. See also St. 1986, c. 599, § 38 (chap-
ter rewritten without change to § 36A). Chief Justice Flaschner wrote to
the Governor's legislative secretary that the bill was filed to fill "a gap in
the new Mental Health Code." Chief Justice Flaschner wrote that,
"[u]nder [prior c.] 123, there was a provision for the [maintenance] of
private dockets and records concerning mental commitment cases. No
comparable provision was encoded in the revision of Chapter 123. This bill
takes care of that situation in a fair and comprehensive manner." Letter to
Edward S. Morrow, the Governor's legislative secretary, from Franklin N.
Flaschner dated April 28, 1972. The history of the legislation indicates a
legislative intent to protect the privacy of persons subjected to mental ex-
aminations by courts, but the history does not indicate an intent to create
a cause of action for violation of the statute.

Thus, neither the words of the statute nor the history of the legislation
supports the plaintiff's position. The ruling on the defendant's motion to
dismiss is reversed. The case is remanded to the Superior Court for entry
of an order allowing the defendant's motion to dismiss because the com-
plaint fails to state a claim on which relief can be granted.[2]

*So ordered.*

*Roberta T. Brown*, Special Assistant Attorney General, for the
defendant.

---

[2]The complaint makes no claim pursuant to G. L. c. 214, § 1B.