DAVID LOFFREDO *vs.* CENTER FOR ADDICTIVE BEHAVIORS.

Middlesex. November 4, 1997. - January 29, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Statute,* Construction. *Administrative Law,* Agency, Regulations. *Drug Addiction.*

Discussion of the circumstances in which a private cause of action can be inferred from a statutory provision. [543-545]

This court concluded that a private cause of action cannot be inferred solely from a regulation promulgated by an administrative agency. [545-546]

In an action brought against a drug treatment clinic seeking an injunction and damages for the clinic's alleged violation of 105 Code Mass. Regs. § 750.500(A)(2) in denying the plaintiff admission based solely on his expulsion from another treatment program, there was no palpable legislative intent discernable in G. L. c. 111E, § 7, the enabling statute pursuant to which the regulation was promulgated, to support such a private cause of action to enforce the regulatory scheme. [546-547]

CIVIL ACTION commenced in the Superior Court Department on June 27, 1994.

The case was heard by *Catherine A. White,* J., on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Mel Dahl* for the plaintiff.

*Dava M. Feltch* for the defendant.

The following submitted briefs for amici curiae:

*J. Paterson Rae, Ernest Winsor, Allan G. Rodgers, Judith Liben, Jennifer Honig, Jane K. Alper & Steven J. Schwartz,* for Massachusetts Union of Public Housing Tenants & others.

*Scott Harshbarger,* Attorney General, *Amy Spector & Peter Sacks,* Assistant Attorneys General, for the Commonwealth.

FRIED, J. The plaintiff, David Loffredo, brought this action against the Center for Addictive Behaviors (CAB) after CAB denied him admission to its outpatient methadone program. The plaintiff alleged that CAB's exclusion of him was based on the

fact that he was earlier expelled from another methadone program, and hence violated 105 Code Mass. Regs. § 750.500(A)(2) (1986). CAB moved for summary judgment arguing that 105 Code Mass. Regs. § 750.500(A)(2) does not provide the plaintiff with a private cause of action.

On February 3, 1997, a Superior Court judge granted CAB's motion for summary judgment. We granted the plaintiff's application for direct appellate review, and now affirm the judgment of the Superior Court.

## I

The plaintiff claims that he became addicted to opiates as the result of treatment for schizophrenia. For over seventeen years, he was an outpatient at North Charles, Inc. (North Charles), a methadone clinic. On February 27, 1994, the plaintiff was discharged from North Charles after an argument with one of the clinicians. The plaintiff then sought and was denied admission to the outpatient methadone program operated by CAB.

General Laws c. 111E, § 7, which governs licensing and approval of drug treatment facilities, is the enabling statute pursuant to which the Commissioner of Public Heath promulgated the several provisions of 105 Code Mass. Regs. § 750.000 (1986). These provisions state the requirements a drug treatment facility must satisfy in order to be licensed by the division of drug rehabilitation of the Department of Public Health (department). Section 750.500(A)(2), in particular, states:

> "No person shall be denied admission solely on the basis of race, religion, color, sex, sexual preference, national origin, ancestry, or *the fact that she/he has been terminated by another treatment program*" (emphasis added).

The plaintiff brought suit against CAB alleging that its decision to exclude him was based solely on his expulsion from North Charles, and claiming that CAB therefore violated 105 Code Mass. Regs. § 750.500(A)(2). He seeks personal damages and an injunction enjoining CAB to admit him into its methadone program. The plaintiff acknowledges that 105 Code Mass. Regs. § 750.500(A)(2) does not explicitly provide a cause of action to a person injured by a facility's failure to satisfy its requirements. He argues, however, that the provision provides an implied cause of action.

## II

### A

Many of our decisions support the proposition that a clear legislative intent is necessary to infer a private cause of action from a statute. See *Borucki* v. *Ryan*, 407 Mass. 1009 (1990); *Unitrode Corp.* v. *Dynamics Corp.*, 379 Mass. 487, 491-493 (1980); *Lindsey* v. *Massios*, 372 Mass. 79, 84 (1977); *SDK Medical Computer Servs. Corp.* v. *Professional Operating Mgt. Group, Inc.*, 371 Mass. 117, 122-123 (1976); *Sullivan* v. *Fall River Hous. Auth.*, 348 Mass. 738, 739 (1965); *Johnson* v. *United States Steel Corp.*, 348 Mass. 168, 169-170 (1964). In other decisions, while not demanding a clear indication of legislative intent, this court still considered legislative intent to be the determinative factor in deciding whether a private cause of action can be implied from a statute. *Everett Town Taxi, Inc.* v. *Aldermen of Everett*, 366 Mass. 534, 535-537 (1974). *Commonwealth* v. *Haddad*, 364 Mass. 795, 798-799 (1974).

The plaintiff and the social service organizations submitting a brief as amici curiae have, however, urged on us the decision in *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489 (1911), as setting out a better principle. In that case, the defendant had employed the minor plaintiff in violation of a criminal statute prohibiting child labor. The plaintiff sued the defendant upon being injured. Deciding that the plaintiff had a cause of action, this court stated:

> "It is a general rule of statutory interpretation that a violation of a duty created by statute, resulting in damage to one of the class for whose benefit the duty was established, confers a right of action upon the injured person."

*Id.* at 492. After discussing the purposes of the statute, the court went on to note:

> "These considerations require the inference that the . remedy intended by the Legislature against the delinquent employer was not confined to the criminal one. The right of civil action in addition may well have been regarded as a more efficacious means of compelling observance of the law. Therefore, while the public purposes of this act are

important, any member of the public so situated with reference to its subject matter as to suffer special damage by its infraction has a right of action against the violator of the statute."

*Id.* at 493. Recently, the Appeals Court adopted the broad standard of *Berdos* in *Ludlow Educ. Ass'n* v. *Ludlow*, 31 Mass. App. Ct. 110, 118-120 (1991).

It is worth noting that the court in *Berdos* qualified its holding considerably in the latter part of its opinion. The court stated that an employer's violation of a statute is an indication of his negligence, and that an employer is not liable if a minor employee is injured due to the employee's own carelessness. *Berdos* v. *Tremont & Suffolk Mills, supra* at 496. It is therefore better to read *Berdos* as holding that a defendant's violation of a statute that leads to a plaintiff's injury may figure as an element in an otherwise available cause of action, rather than that such a violation provides a plaintiff with a new cause of action.[1]

In sum, we have generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference. We are,

---

[1]Another decision that the plaintiff relies on is *Gabriel* v. *Borowy*, 324 Mass. 231 (1949). The decision in that case accords with our present reading of *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489 (1991). In *Gabriel*, a tenant sued his landlord for removing him in violation of a Federal housing statute. In determining whether the tenant had an implied right of action, the court reiterated the *Berdos* court's broad language, but with a qualification:

"Where a statutory right is conferred upon a class of individuals as distinguished from the public at large but no remedy is provided by the statute for the enforcement of the right, the right may be asserted *by any appropriate common law remedy that is available.* Otherwise, the right would be useless and illusory." (Emphasis added.)

*Gabriel* v. *Borowy, supra* at 234. The court went on to conclude that the tenant's declaration did not set forth a common law cause of action, and decided for the landlord. This court's decision in *Ayala* v. *Boston Hous. Auth.*, 404 Mass. 689 (1989), can be seen as based on the same reasoning. In that case, the defendant housing authority was required to maintain the housing it regulated in safe condition under its contracts with the Department of Housing and Urban Development (HUD), and with the owners of the housing. A tenant brought a suit against the authority seeking damages for injuries to her minor children caused by lead paint. This court declared the plaintiffs, as the third party beneficiaries of the authority's contracts with HUD and the owners, could sue the authority. But cf. *Barnes* v. *Metropolitan Hous. Assistance Program*, 425 Mass. 79 (1997).

however, a common law court, and our powers do include the power to supplement legislation in appropriate cases unless the Legislature explicitly prohibits us from doing so.

## B

The plaintiff, however, does not seek to infer a private cause of action directly from G. L. c. 111E, § 7. He urges this court to infer a private cause of action from 105 Code Mass. Regs. § 750.500(A)(2) which was promulgated pursuant to § 7.

Whether a private cause of action can be inferred from an agency regulation where an enabling statute alone will not support such an inference is a question that this court has heretofore had no occasion to answer. The Supreme Court has addressed this issue in terms that are relevant here: "The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.' " *Ernst & Ernst* v. *Hochfelder*, 425 U.S. 185, 213-214 (1976), quoting *Dixon* v. *United States*, 381 U.S. 68, 74 (1965). See *Touche Ross & Co.* v. *Redington*, 442 U.S. 560, 577 n.18 (1979); *Santa Fe Indus.* v. *Green*, 430 U.S. 462, 472 (1977). Thus a judicial inference of a private cause of action solely from an agency regulation requires a twofold stretch: the judiciary infers a cause of action not to supplement a statute enacted by the Legislature, but to supplement a rule enacted by the executive, which itself supplements the statute. Accordingly, with only one exception, several circuits of the United States Court of Appeals that have considered the issue whether a private cause of action can be inferred from an agency regulation alone have answered in the negative.[2]

The courts of this Commonwealth enjoy common law pow-

---

[2]*Lowrey* v. *Texas A & M Univ. Sys.*, 117 F.3d 242, 253 n.20 (5th Cir. 1997); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 68 (3d Cir. 1994); *Smith* v. *Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993); *Ashbrook* v. *Block*, 917 F.2d 918, 926 (6th Cir. 1990); *Polaroid Corp.* v. *Disney*, 862 F.2d 987, 994 (3d Cir. 1988); *Stewart* v. *Bernstein*, 769 F.2d 1088, 1092-1093 n.6 (5th Cir. 1985); *Angelastro* v. *Prudential-Bache Sec., Inc.*, 764 F.2d 939, 947-948 (3d Cir.), cert. denied, 474 U.S. 935 (1985); *Robertson* v. *Dean Witter Reynolds, Inc.*, 749 F.2d 530, 536 (9th Cir. 1984); *Marshall* v. *Gibson's Prods., Inc.*, 584 F.2d 668, 677-678 n.16 (5th Cir. 1979). The decision in *Long* v. *Trans World Airlines, Inc.*, 913 F.2d 1262, 1267 (7th Cir. 1990), is the exception.

ers. Cf. *Cannon* v. *University of Chicago*, 441 U.S. 677, 717-718 (1979) (Rehnquist, J., concurring) ("[S]tate courts of general jurisdiction still enforcing the common law as well as statutory law may be less constrained than are federal courts enforcing laws enacted by Congress"). Yet, in inferring a private cause of action from an agency regulation alone, we run the risk of joining with the executive to revise and go substantially beyond the will of the Legislature. We conclude that a private cause of action cannot be inferred solely from an agency regulation.

### III

In applying these general considerations to the case at hand, we are unable to discern a palpable legislative intent to create the private cause of action that the plaintiff urges us to recognize. There is nothing in the text of § 7, nor of other sections of c. 111E, that suggests that the Legislature intended to confer a private cause of action on persons injured by a licensed drug treatment facility's violation of an agency regulation promulgated pursuant to § 7.

Moreover, the statute does clearly indicate the Legislature's contemplation of other remedies to respond to violations of regulations promulgated pursuant to § 7. It states that the department, after holding a hearing, "may refuse to grant, suspend, revoke, limit or restrict the applicability of or refuse to renew any license or approval . . . for [a drug treatment facility's] failure to meet the requirements of [the department's] rules and regulations under this section." G. L. c. 111E, § 7. Other paragraphs of the provision also speak of the department's ability to revoke or temporarily suspend licenses. In accordance with this language, 105 Code Mass. Regs. § 750.070 allows the department to "suspend, revoke, refuse to issue or refuse to renew a license or approval for . . . [a drug treatment facility's] fail[ure] to comply with any applicable regulation." If the department becomes aware of a drug treatment facility's noncompliance with the regulations, either through a complaint or the department's own inspection, the department can also order that the deficiency be corrected under 105 Code Mass. Regs. § 750.060(A). Section 8 of G. L. c. 111E also provides that a drug dependent person may apply for admission to a drug treatment facility by applying to the director of the division of drug rehabilitation. On receipt of such an ap-

plication, the director is required to designate a psychiatrist or a physician to determine whether the applicant is a drug dependent person. And on a positive determination, the director may order a drug treatment facility to admit the applicant. "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mtge. Advisors, Inc.* v. *Lewis,* 444 U.S. 11, 19 (1979). See *Middlesex County Sewerage Auth.* v. *National Sea Clammers Ass'n,* 453 U.S. 1, 14 (1981); *Unitrode Corp.* v. *Dynamics Corp.,* 379 Mass. 487, 491 (1980).

We are also unable to find any indication in the legislative history of § 7 in particular and of c. 111E in general that the Legislature contemplated a private cause of action to enforce the statute. Neither the original bill that brought the contents of § 7 into the statutory scheme in 1969 nor the minor amendments of § 7 in 1974 offer any indication of the legislative intent to confer a private cause of action on persons injured by a drug treatment facility's violation of agency regulations promulgated pursuant to § 7.

We therefore conclude that § 7 does not contemplate a private cause of action for the plaintiff. Since we are unwilling to go beyond the intent of the Legislature in providing a private remedy for violations of § 7, we are for the reasons stated above also unwilling to provide such a remedy for the violation of an agency regulation implementing that statutory provision. The order of the Superior Court granting CAB's motion for summary judgment and dismissing the plaintiff's complaint is affirmed.

*So ordered.*