Lauriat, J.
The plaintiff, Michael Griffin (“Griffin"), is a state prisoner lawfully in the custody of the Department of Correction. Griffin filed suit on July 9, 1997, alleging that the defendant Department of Correction (“DOC”) failed to properly pay him for work he performed as a prison inmate.
On October 16, 1997, the DOC filed a motion to dismiss Griffin’s complaint, asserting that the claim was barred by the statute of limitations. On November 5, 1997, Griffin filed a motion in opposition to the DOC’s motion to dismiss, asserting that his claims were not barred by the statute of limitations because of the “discovery rule” and G.L.c. 260, §12, which prohibits fraudulent concealment. Finally, on February 19, 1999, the DOC filed a supplemental memorandum in support of their motion to dismiss.
Upon consideration of the parties’ motions and memoranda, the DOC’s motion to dismiss is ALLOWED.
BACKGROUND
Griffin claims that he worked as a full-time inmate employee of Correctional Industries between 1983 and 1990. During this time, Griffin claims he was never given longevity pay to which he was entitled under 103 CMR 405.07(7): Inmate Wages and Stipends. Griffin also claims that he was denied overtime pay during this period in violation of the former version of 103 CMR 455.10(4): Inmate Compensation (enacted 9/18/87).
DISCUSSION
In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the factual allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim upon which relief can be granted “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The Court does not reach the statute of limitations issue raised in this case because Griffin’s complaint must be dismissed on other grounds. In Loffredo v. Center for Addictive Behaviors, 426 Mass. 541 (1998), the Supreme Judicial Court addressed the issue of whether a private cause of action may be inferred from an agency regulation adopted pursuant to an enabling statute. In considering the issue, the Supreme Judicial Court, acutely aware of the complexities it was being asked to decide, noted that “judicial inference of a private cause of action solely from an agency regulation requires a twofold stretch: the judiciary infers a *41 cause of action not to supplement a statute enacted by the Legislature, but to supplement a rule enacted by the executive, which itself supplements the statute.” Loffredo, 426 Mass. at 545. In rejecting this “twofold stretch,” the Court concluded that “a private cause of action cannot be inferred solely from an agency regulation,” noting that to do otherwise would run the risk of the Court “joining with the executive branch to revise and substantially go beyond the will of the Legislature." Loffredo, 426 Mass. at 546.
In this case, Griffin’s claims must be dismissed because the regulations upon which he bases his theory of recovery do not clearly create a private cause of action. In order for Griffin to prevail, the regulations upon which he relies would need to show a “clear legislative intent” to create a private cause of action, since one cannot be inferred. Loffredo, 426 Mass. at 543.
Employment of prisoners is governed by statute and by Department of Correction regulations. As noted in Gauthier v. Massachusetts Department of Correction, Suffolk C.A. 97-3279-C (1998), neither G.L.c. 127, §48A,[1] which empowers the Commissioner of Correction to establish inmate compensation guidelines, nor 103 CMR 455.10(4)[2] nor 103 CMR 405.07(7),[3] show a clear legislative intent to confer rights which are enforceable in a private action. Gauthier, Suffolk C.A. 97-3279-C at 7.
In general, Section 48A and the regulations cited merely grant “the Commissioner of Correction (and not an individual inmate)... statutory authority to establish standards for programs such as the Industries Program and to enforce those standards.” Gauthier, Suffolk C.A. 97-3279-C at 6. Although the language in these regulations provide that the procedures referenced “shall” be followed, their stated purpose is to “establish Departmental procedures regarding Correctional Industries.” See 103 CMR 455.01. See also 103 CMR 405.01 (“The purpose of 103 CMR 405.00 is to set Department of Correction policy concerning the proper handling and distribution of Inmate Funds”). None of these regulations provide that a prisoner may sue the Department of Correction if the regulations are not followed.[4] In fact, in 1991, 103 CMR 455.02: Authorization (enacted 12/20/91) was revised to provide specifically that “(t)hese regulations are not intended to confer any procedural or substantive rights not otherwise granted by state or federal law.”
Therefore, because there is no clear legislative intent to create a private cause of action for inmates who work for Correctional Industries under G.L.c. 127 §48A, 103 CMR 455.10(4), or 103 CMR 405.07(7), Griffin has failed to state a claim upon which relief can be granted.
ORDER
For the reasons stated herein, the defendant’s motion to dismiss is ALLOWED.

 G.L.c. 127 §48A provides in pertinent part:
Subject to appropriation from the General Fund, the commissioner shall establish a system of compensation for inmates of the correctional institutions of the commonwealth who perform good and satisfactory work either within the industrial program or in the servicing and maintenance of the correctional institutions or in the prison camps. Upon recommendation of any superintendent, the commissioner may establish a graduated scale of compensation to be paid inmates in accordance with their skill and industry, and the commissioner shall establish, and may at any time amend or annul, rules and regulations for carrying out the purposes of this section. No money shall be paid directly to any inmate during the term of his imprisonment.

 103 CMR 455.10(4): Inmate Compensation (enacted 9/18/87) states “[ijnmates will be entitled to compensation at time and a half for those hours worked in excess of their normal day.”

 103 CMR 405.07(7) provides in pertinent part:
When an inmate has earned industrial good time ... for two consecutive years or more, at one or more institutions, he shall become eligible for longevity pay. After verification has been made, his wages shall be increased by ten cents per hour.

 The plaintiffs cite to Josey v. DuBois, Suffolk C.A. 95-3266-D, 6 Mass. L. Rptr. 287 (1996), for the proposition that a breach of contract action can be asserted against the Commonwealth for violation of Department of Correction regulations. However, the Supreme Judicial Court’s more recent decision in Loffredo is now controlling here and this court is bound to follow its holding.