Curran, Dennis J., J.
This is a civil action seeking certain statutory and constitutional relief arising from the denial of inmate Robert Grady’s grievance which sought the removal of certain disposition records resulting from two Department of Correction disciplinary hearings. The adjudications on the disciplinary matters were continuances without a finding. Grady does not challenge the validity of those disciplinary hearings, raise any procedural defect relating to them, or question the dispositions themselves; rather, he argues that the Department of Correction has no right to maintain such records within its institution.
Mr. Grady’s challenge under G.L.c. 249, §4 must fail. Given his concessions that neither the proceedings nor the dispositions were improper, the question is whether the Department of Correction committed a substantial error of law in its record-keeping proceedings.
After reviewing the moving and opposition papers and a hearing, the Court concludes that there is no such error, as revealed by the following statutory and constitutional analysis.
First, Grady has no private right of action arising from Department of Correction regulation 103 C.M.R. 430. See e.g. Loffredo v. Center for Addictive Behaviors, 426 Mass. 542, 545 (1998), and also Martino v. Hogan, 37 Mass.App.Ct. 710, 720 (1994).
Second, Grady has no valid complaint under 42 U.S.C. §1983 because the action complained of did not violate his secured federal right. The Department’s adherence to a state regulation cannot serve as the basis for a §1983 claim.
Third, the Department of Correction did not violate 103 C.M.R. 430. That regulation states: “At the end of any such continuance, the disciplinary report which was continued without a finding shall be filed ...” Grady would interpret this regulation as ordering the expungement of continuance without findings at the dismissal period. But the regulation contains no such language or authority.
Fourth, Grady’s invocation of the due process liberty interest by the prison’s record-keeping system must fail. No such right can plausibly be involved here. The inmate grievance system (and by implication, its prison record-keeping function attendant to that process) establishes no such liberty interest. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
Fifth, Grady cannot invoke a direct cause of action under the state Constitution’s Declaration of Rights where the legislative has already provided a statutory scheme (i.e. the state civil rights act, G.L.c. 12, §§11H- *630 111) to address such violations. Here, however, the Commonwealth is not subject to suit under that Act, and the complaint fails to allege that Mr. Grady suffered “threats, coercion, or intimidation,” as statutorily required.
Moreover, a violation of the state’s civil rights act does not occur simply by adverse administrative action. Freeman v. Planning Board of West Boylston, 419 Mass. 548, 555-56 (1995).
In summary, neither violations of statutory rights nor constitutional protections are implicated by the Department’s record-keeping of its own inmates’ disciplinary histories. They are mere administrative procedures attendant to a proper grievance procedure, and by implication, necessary to maintain institutional order. They are deserving of deference, not detriment.
ORDER
For these reasons, the defendants’ motion to dismiss is ALLOWED.