The plaintiff, Timothy Braley, brought this declaratory judgment action pursuant to G. L. c. 231A, seeking (i) a judgment that the defendant, William Bates, the food service director at the Massachusetts Correctional Institute at Norfolk, violated 103 DOC 760.04(1)(2) and 103 DOC 760.05(2) by substituting meals and changing recipes on the inmate meal menu in violation of the Department of Correction (DOC) substitution guidelines; and (ii) an order permanently enjoining the defendant from further violations. The motion judge allowed the defendant's motion to dismiss on the grounds that the plaintiff failed to exhaust all available administrative remedies, and that the plaintiff did not have a private right of action to challenge the defendant's alleged violation of DOC policies. We reverse.
Discussion. In reviewing the allowance of a motion to dismiss, we accept as true the allegations in the complaint and draw every inference in favor of the nonmovant. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). We review the motion judge's decision de novo. See ibid.
Here, we are constrained by prior case law to reverse the motion judge's dismissal of the plaintiff's complaint. To begin, as the defendant apparently concedes, the plaintiff was not required to exhaust all available administrative remedies before bringing his complaint because, pursuant to G. L. c. 127, § 38F, a court may consider an inmate's nonexhausted "action[ ] seeking equitable relief." See Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 137 n.9 (2013) ("[I]f Grady had set forth a sufficient showing for declaratory judgment, which is an equitable remedy, then he need not have waited until a final agency action before filing suit in Superior Court").
On appeal, the defendant maintains that the challenged regulations[2] provide the plaintiff no independent private right of action. The cases cited by the defendant, however, stand only for the proposition that a private right to bring a claim for damages cannot be inferred from DOC regulations. See, e.g., Martino v. Hogan, 37 Mass. App. Ct. 710, 720 (1994) (DOC regulations cannot "be fairly read as in themselves establishing a rule of personal liability of officials in case of breach").[3] Here, the plaintiff seeks only equitable relief. See Royce v. Commissioner of Correction, 390 Mass. 425, 426 n.3 (1983) (holding that plaintiff's claim that DOC was violating DOC regulations "properly stated a claim for declaratory relief"); Ivey v. Commissioner of Correction, 88 Mass. App. Ct. 18, 22 (2015) ("Because they allege that the policy violates DOC regulations, the plaintiffs properly brought this action under the declaratory judgment act"). See also G. L. c. 231A, § 2, as amended by St. 1974, c. 630, § 1 (declaratory judgment "may be used in the superior court to enjoin and to obtain a determination of the legality of the administrative practices and procedures of any ... state agency or official which practices or procedures are alleged to be in violation of ... rules or regulations promulgated under the authority of such laws").
The defendant finally contends that we can affirm the dismissal on the alternative ground that the plaintiff failed to sufficiently allege a violation of 103 DOC 760.05(2) because it allows the DOC to make substitutions and alterations to the inmate meal menu.[4] This argument does not address the second half of 103 DOC 760.05(2), which requires the DOC to "ensur[e] that the substitution is in accordance with the approved departmental substitution guidelines." The plaintiff alleges in his complaint that the DOC does not have substitution guidelines. Accepting this allegation as true, see Herb Chambers I-95, Inc., 458 Mass. at 676, the defendant has failed to show that the plaintiff has not sufficiently alleged a violation of 103 DOC 760.05(2). Accordingly, while we take no position on the ultimate merits of the plaintiff's claim regarding the alleged violations, the motion to dismiss should not have been allowed. See Royce, 390 Mass. at 430.
Judgment reversed.

For purposes of its motion to dismiss, the defendant makes no argument that 103 DOC 760.04(1)(2) and 103 DOC 760.05(2) are not regulations and, for that reason, are not enforceable by a lawsuit seeking a declaratory judgment and an injunction. Thus, we do not reach that question.

The other case cited by the defendant, Loffredo v. Center for Addictive Behaviors, 426 Mass. 541 (1998), concerns the Massachusetts regulatory scheme governing methadone treatment programs, and thus, fails to support the defendant's argument regarding the challenged DOC regulations here.

103 DOC 760.05(2) requires that the DOC "[r]ecord[ ] any substitution(s) or addition(s) in food actually served, ensuring that the substitution is in accordance with the approved departmental substitution guidelines."