NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-587

RAYAN TOBY

vs.

GREG DECIOUS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff filed a complaint in the Superior Court alleging that the defendant, the owner or principal of the plaintiff's former employer, Bay State Linen/Laundry Companies, Inc., failed to pay him the minimum wage and committed tax fraud.  The defendant filed a motion to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which the Superior Court judge granted.  We affirm.

Discussion.  "We review the allowance of a motion to dismiss de novo, accepting as true the facts alleged in the plaintiff's complaint as well as any favorable inferences that reasonably can be drawn from them" (quotation omitted).  Braley v. Bates, 100 Mass. App. Ct. 259, 260 (2021).  "What is required

at the pleading stage are factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement . . . that the plain statement possess enough heft to show that the pleader is entitled to relief" (quotations and internal punctuation omitted).  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Insofar as we can discern, the plaintiff lodged two allegations in his complaint.[1]  With respect to each, we conclude that the complaint was properly dismissed for its failure to state a plausible claim for relief.[2]  First, the plaintiff

---

[1] The plaintiff's complaint also referenced larceny, identity theft, and embezzlement, but it is clear from its content that he pressed arguments grounded in failure to pay the minimum wage and purported tax fraud.

[2] We note the procedural issues involved with this appeal. The appellant is responsible for providing a record appendix to this court that includes the documentation required to support appellate review.  See Mass. R. A. P. 18 (a) (1) (A) (v), as appearing in 481 Mass. 1637 (2019) (appellant's appendix must include "any parts of the record relied upon in the brief [and] any document, or portion thereof, filed in the case relating to an issue which is to be argued on appeal").  "A pro se litigant is bound by the same rules of procedure as litigants with counsel."  International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983).

The plaintiff's appendix in this case arguably fails to satisfy this standard.  His complaint refers to "exhibit (1)" as being a W-2 form and "exhibit (2)" as being "evidence of the taxes filed with the [Internal Revenue Service.]"  The appendix,

2

alleged that, in 2017, the defendant paid a portion of his earned wages to the federal government, apparently in a scheme to recover that payment in the form of a refund.[3]  In support of this claim, he referred to a screenshot of a website headed "Massachusetts Tax Summary," showing, according to his complaint, an inaccurate reporting of his 2017 income.  See supra, n.2.  However, this screenshot clearly depicts "a summary of [the plaintiff's] 2020 Massachusetts tax return."  As the plaintiff's complaint misapprehends the exhibit purportedly in

_____

however, plainly does not include the exhibits that were attached to the complaint, if any were attached at all.  It does seem to include the exhibits attached to the plaintiff's memorandum in opposition to the defendant's motion to dismiss the complaint, but, there, "exhibit (1)" is labeled "Massachusetts Tax Summary" and "exhibit (2)" is a 2017 W-2 form that is nearly impossible to read.  Moreover, the complaint describes "exhibit (3)" as being the plaintiff's pay stubs, but the "exhibit (3)" presented in the record appendix appears to be handwritten instructions about how to obtain a finding of indigency in the trial court.  Understanding that "some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure," Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990), we proceed under the assumption that "exhibit (1)" in the record appendix is referred to as "exhibit (2)" in the complaint, and vice versa.  See Iannacchino, 451 Mass. at 631 n.14 ("In evaluating a motion pursuant to Mass. R. Civ. P. 12 (b) (6), we take into consideration . . . items appearing in the record of the case" [quotation and citation omitted]).

[3] The plaintiff stated in his complaint "I . . . did a little research on my own and saw on the Federal Government Tax website that the $8,818.37 that was missing off my earnings and 2017 W-2 form which the company stole was filed and reported to the [Internal Revenue Service (IRS)] in taxes to collect the refund from [the IRS]."

3

support of it, the complaint cannot be said to be plausible on its face.  See Iannacchino, 451 Mass. at 636.  Further, we agree with the judge below that the federal statutes referenced by the plaintiff in support of this claim do not give rise to private causes of action.  Cf. Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 544-545 (1998).

Second, the plaintiff argued that the defendant failed to pay him the minimum wage in 2017 and 2018.  He contends that he was paid eleven dollars per hour during both those years, even though the state minimum wage was twelve dollars per hour in 2018.  We agree with the judge that the plaintiff is incorrect regarding the state minimum wage for both the years 2017 and 2018 -- it remained eleven dollars per hour and was not raised from eleven to twelve dollars per hour until 2019.  See G. L. c. 151, § 1, as amended through St. 2018, c. 121, § 17 (effective Jan. 1, 2019).  Accordingly, the plaintiff's version of events does not give rise to a cognizable legal claim under the Wage Act.  See id.  Given these discrepancies, we cannot say that the plaintiff's complaint contains "allegations plausibly suggesting . . . an entitlement to relief."  Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp., 550 U.S. at 557.

In the end, we are unpersuaded by the plaintiff's arguments on appeal.  His brief consists primarily of conclusory

4

assertions about the defendant's alleged wrongdoing without citation to the record or supporting legal authority; the assertions accordingly do not rise to the level of appellate argument.[4]  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  To the extent that any cognizable argument can be discerned from the plaintiff's papers, it appears to be that the exhibits he attached to his complaint support the allegations he asserts.  As we have discussed, however, they plainly do not.

Judgment affirmed.

By the Court (Desmond, Shin & Singh, JJ.[5]),

Assistant Clerk

Entered:  June 14, 2024.

---

[4] The plaintiff's conclusory assertion that the defendant violated a list of statutes is not enough to save his appeal or satisfy this rule.

[5] The panelists are listed in order of seniority.