# United States Court of Appeals
## For the First Circuit

No. 16-2274

CHRISTOPHER HAYDEN; DENINE L. MURPHY, a/k/a Denine L. Hayden,

Plaintiffs, Appellants,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for Wells Fargo Asset Securities Corporation Mortgage Asset-Backed Pass Through Certificates Series 2007-PA3; WELLS FARGO BANK, N.A.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

Glenn F. Russell, Jr. and Glenn F. Russell, Jr., & Associates, P.C. on brief for appellants.
Sean R. Higgins, Y. Frank Ren, and K&L Gates LLP on brief for appellees.

August 8, 2017

**LYNCH, Circuit Judge.** In March 2007, Christopher Hayden and Denine Murphy ("the Haydens") borrowed $800,000 from GN Mortgage, LLC ("the lender") to purchase a property in Rehoboth, Massachusetts. The Haydens executed a promissory note memorializing the loan and a mortgage identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, acting "solely as a nominee" for the lender and the lender's successors and assigns. The mortgage also granted MERS, and its successors and assigns, power of sale over the property. In January 2008, MERS assigned the mortgage to HSBC Bank USA, N.A. ("HSBC") as trustee for WFALT 2007-PA03. In February 2010, HSBC reassigned the mortgage to itself as trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass Through Certificates, Series 2007-PA3.

The Haydens defaulted on their loan in 2008. They then filed several bankruptcy petitions and requested injunctive relief, thereby delaying foreclosure until 2016. After HSBC provided notice of a foreclosure sale in June 2016, the Haydens sued HSBC and Wells Fargo Bank, N.A. ("Wells Fargo"), the mortgage servicer, to enjoin the sale. They now appeal the district court's decision to deny their request for a preliminary injunction and to grant HSBC's and Wells Fargo's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, the Haydens challenge the district court's dismissal of their claims that (1)

HSBC cannot foreclose on their property under Mass. Gen. Laws ch. 244, § 14, and (2) the mortgage is obsolete by operation of Mass. Gen. Laws ch. 260, § 33.[1]

We review the district court's order of dismissal for failure to state a claim de novo. Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir. 2013) (citing Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011)). The district court properly dismissed the Haydens' claim that HSBC cannot foreclose on the property on their view that MERS's assignment of the mortgage to HSBC was invalid. As the district court found, this claim is foreclosed by precedent, which holds that MERS can validly assign a mortgage without holding beneficial title to the underlying property, see Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291-93 (1st Cir. 2013), and that borrowers do not have standing to challenge a mortgage assignment based on an alleged violation of a trust's pooling and servicing agreement, see Butler v. Deutsche Bank Tr. Co. Ams., 748 F.3d 28, 37 (1st Cir. 2014) (citing Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013)).

Our decision in Dyer v. Wells Fargo Bank, N.A., 841 F.3d 550 (1st Cir. 2016), which was issued approximately six weeks after

---

[1] The Haydens do not challenge the district court's dismissal of their claim that Wells Fargo violated Mass. Gen. Laws ch. 93A by failing to comply with 209 C.M.R. § 18.17 and § 18.21.

the district court issued its decision in this case, provides further support for this finding. Dyer reaffirmed Culhane's holding that a mortgage contract can validly make MERS the mortgagee and authorize it to assign the mortgage on behalf of the lender to the lender's successors and assigns. Id. at 553. Dyer also disposed of the claim that the Massachusetts Supreme Judicial Court's ("SJC") decision in Eaton v. Federal National Mortgage Association, 969 N.E.2d 1118 (Mass. 2012), renders Culhane noncontrolling where, as here, the foreclosing party holds both the note and the mortgage. See Dyer, 841 F.3d at 553-54 & n.2; see also Eaton, 969 N.E.2d at 1133 n.28 ("[A] foreclosing mortgage holder such as [the nominee's assignee] may establish that it either held the note or acted on behalf of the note holder at the time of a foreclosure sale by filing an affidavit in the appropriate registry of deeds . . . ."). In fact, many of the arguments advanced by the Haydens' counsel, who also represented the borrower in Dyer, mirror the arguments that we rejected in Dyer.

The district court also properly dismissed the Haydens' obsolete mortgage claim, which has no basis in the plain text of the statute or in precedent. Under Massachusetts's obsolete mortgage statute, Mass. Gen. Laws ch. 260, § 33, a mortgage becomes obsolete and is automatically discharged five years after the expiration of the stated term or maturity date of the mortgage.

- 4 -

Nothing in the text of the statute supports the Haydens' assertion that the acceleration of the maturity date of a <u>note</u> affects the five-year limitations period for the related <u>mortgage</u>. Their citation to the SJC's decision in <u>Deutsche Bank National Trust Co. v. Fitchburg Capital, LLC</u>, 28 N.E.3d 416 (Mass. 2015), is inapposite because the decision makes no mention of the impact of an accelerated note on the obsolete mortgage statute's limitations period.

We agree that the Haydens failed to state a claim, substantially for the reasons articulated by the district court. Without adopting the district court's opinion, we summarily affirm. <u>See</u> 1st Cir. R. 27.0(c).

So ordered.