# United States Court of Appeals
## For the First Circuit

Nos. 16-2380
     17-1101

THOMAS HARRY, JR., GRETCHEN HARRY

Plaintiffs, Appellants,

v.

COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP; BANK
OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON f/k/a The Bank of
New York as Trustee for the Certificate Holders of CWABS, Inc.,
Asset-Backed Certificates, Series 2005-17; GREEN TREE SERVICING,
     LLC, n/k/a Ditech Financial LLC; MORTGAGE ELECTRONIC
               REGISTRATION SYSTEMS, INC.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

Tina L. Sherwood on brief for appellants.
Phoebe Norton Coddington, Connie Flores Jones, and Winston &
Strawn LLP on brief for appellees Countrywide Home Loans, Inc.,
Bank of America, N.A., and Bank of America Corporation.
Richard E. Briansky, Amy B. Hackett, and McCarter English,
LLP on brief for appellees Ditech Financial LLC, Mortgage
Electronic Registration Systems, Inc., and The Bank of New York
Mellon f/k/a The Bank of New York as Trustee for the Certificate
Holders of the CWABS, Inc., Asset-Backed Certificate Series
2005-17.

August 23, 2018

**HOWARD, <u>Chief Judge</u>.**   In November 2005, Thomas and Gretchen Harry borrowed $245,350 from Countrywide Home Loans, Inc.,[1] to refinance their property in Mashpee, Massachusetts.  The Harrys defaulted on their loan in 2009, and in 2016 they initiated this action to void their transaction and enjoin their property's foreclosure sale.  The district court granted the defendants' motion to dismiss the Harrys' complaint under Federal Rule of Civil Procedure 12(b)(6), <u>Harry</u> v. <u>Countrywide Home Loans Inc.</u>, 219 F.Supp. 3d 228 (D. Mass. 2016), and denied the Harrys' request for injunctive relief, <u>Harry</u> v. <u>Countrywide Home Loans Inc.</u>, 215 F.Supp. 3d 183 (D. Mass. 2016).  We affirm.

**I.**

**A.**

Our review of the dismissal is de novo.  <u>Maloy</u> v. <u>Ballori-Lage</u>, 744 F.3d 250, 252 (1st Cir. 2014).  The Harrys' eleven-count amended complaint alleged that Countrywide falsified the Harrys' loan application, failed to comply with federal law in the preparation of the loan, and lacked a Massachusetts home

---

[1] The Harrys' complaint named Countrywide as a defendant, but Bank of America, N.A. acquired Countrywide in 2008.  Moreover, defendant BAC Home Loans Servicing "was a wholly owned subsidiary of Bank of America, N.A.," and has since "merged into Bank of America, N.A."  <u>Kolbe</u> v. <u>BAC Home Loans Servicing, LP</u>, 738 F.3d 432, 438 n.3 (1st Cir. 2013) (en banc).  For simplicity's sake, we group these defendants together with Mortgage Electronic Recording Systems, Inc., as well as Ditech Financial LLC (formerly Green Tree Servicing, LLC), unless otherwise noted.

lender's license when their 2005 mortgage was executed. On appeal, they reassert that a laundry list of errors infected their application to refinance their home mortgage, and they further argue that the district court erred in dismissing the bulk of their claims as time-barred.

We agree with the district court that the Harrys cannot escape time bars for their RICO claim (four years to file, see Lares Grp., II v. Tobin, 221 F.3d 41, 44 (1st Cir. 2000) (citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987))); their Fair Debt Collection Practices Act claim (one year to file, see 15 U.S.C. § 1692k(d)); their Real Estate Settlement Procedures Act claim (maximum of three years to file, see 12 U.S.C. § 2614); their Truth in Lending Act claims (three years to file, see 15 U.S.C. § 1635(f); In re Sheedy, 801 F.3d 12, 19-20 (1st Cir. 2015); or their state-law claims under the Massachusetts consumer protection statute, Chapter 93A (four years to file, see Mass. Gen. Laws ch. 260, § 5A) or for slander of title (three years to file, see Mass. Gen. Laws ch. 260, § 4; Harrington v. Costello, 7 N.E.3d 449, 453 (Mass. 2014)).

The Harrys' only argument against finding these claims time barred is that "the statute of limitations never runs on void documents, period." But their basis for claiming that the mortgage and note were void from the beginning is simply their allegation that Countrywide "was never licensed to lend money in

- 4 -

Massachusetts." This, they state in conclusory fashion, makes the note and mortgage deed that they executed akin to forgeries and thus "void *ab initio* . . . because Countrywide lacked the legal authority to write these documents." The Harrys, however, cite no authority for this unusual proposition, and we have found none.

The Harrys do make a somewhat more relevant pitch, urging us to toll the applicable limitations periods under the doctrine of fraudulent concealment. Tolling for fraudulent concealment, however, like the Harrys' argument for equitable tolling, requires them to make a threshold showing of due diligence. See Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (Mass. 1997) (equitable tolling); Ortiz-Rivera v. United States, 891 F.3d 20, 25 (1st Cir. 2018) (equitable tolling); Gonzalez v. United States, 284 F.3d 281, 292 (1st Cir. 2002) (fraudulent concealment). That showing is absent here. As the district court noted, the Harrys were represented by counsel at least as of 2011, yet they failed to file any claim until March 2016, "more than five years after they retained counsel and ten years after they granted the mortgage at issue." 219 F. Supp. 3d at 236. In light of the Harrys' lack of diligence, we agree with the district court that they have "failed plausibly to allege that the applicable statutes of limitation should be tolled." Id. at 237.

**B.**

We can easily dispose of the remainder of the Harrys' arguments.  To start, the district court properly rejected the Harrys' contention that their mortgage is obsolete under the Massachusetts obsolete mortgage statute, Massachusetts General Laws chapter 260, section 33 (extinguishing the right to foreclose on a mortgage five years after the mortgage matures).[2]  The Harrys argue that Ditech -- then acting as the servicer of the Harrys' mortgage -- acted illegally when it instituted its October 2016 foreclosure action because the foreclosure occurred more than five years after Ditech accelerated the maturity date of their note.  But there is no suggestion in either that statute, or, as the Harrys suggest, in the Massachusetts Supreme Judicial Court's decision in Deutsche Bank Nat. Tr. Co. v. Fitchburg Capital, LLC, 28 N.E.3d 416 (Mass. 2015), that the acceleration of a note has any impact on the limitations period for a mortgagee's right to foreclose.[3]

---

[2] We previously rejected this precise argument in an opinion that has since been withdrawn for unrelated reasons.  See Hayden v. HSBC Bank USA, 867 F.3d 222, 224 (1st Cir. 2017), withdrawn, Hayden v. HSBC Bank USA, No. 16-2274, 2018 WL 3017468 (1st Cir. June 14, 2018).

[3] To the extent that the Harrys repeat this argument in their appeal of the district court's denial of their motion to enjoin the sale of their property in foreclosure, we find the district court's exercise of its discretion to deny injunctive relief to have been more than adequately supported by the record.

As noted earlier in our discussion of the applicable statutes of limitation, the Harrys also claim that their mortgage is void because Countrywide "was licensed as a mere third party loan servicer and not a lender," thereby running afoul of Massachusetts General Laws chapters 255E (licensing of mortgage lenders) and 255F (licensing of mortgage loan originators. But neither of those statutes explicitly creates a private cause of action, and the Harrys present us with no arguments to infer one. Accordingly, we find their implicit invitation to do so -- an invitation we would only reluctantly consider in any case, see Loffredo v. Ctr. For Addictive Behaviors, 689 N.E.2d 799, 802 (Mass. 1998) -- waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

We also find meritless the Harrys' argument that the district court abused its discretion in refusing to grant their last-ditch motions for entry of default against all defendants. There is nothing in the record to suggest that any defendant "failed to plead or otherwise defend" against the Harrys' complaint, see Fed. R. Civ. P. 55, and the district court acted well within its discretion by refusing to entertain the Harrys' arguments to the contrary.

## II.

For the foregoing reasons, we **AFFIRM** the district court's rulings.