# United States Court of Appeals
## For the First Circuit

No. 16-2274

CHRISTOPHER HAYDEN; DENINE L. MURPHY, a/k/a Denine L. Hayden,

Plaintiffs, Appellants,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for Wells Fargo
Asset Securities Corporation Mortgage Asset-Backed Pass Through
Certificates Series 2007-PA3; WELLS FARGO BANK, N.A.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Thompson, Circuit Judges.

Glenn F. Russell, Jr. and Glenn F. Russell, Jr., & Associates,
P.C. on brief for appellants.
Sean R. Higgins, Y. Frank Ren, and K&L Gates LLP on brief for
appellees.

April 17, 2020

**Per Curiam.**[1]  In March 2007, Christopher Hayden and Denine Murphy ("the Haydens") borrowed $800,000 from GN Mortgage, LLC ("the lender") to purchase a property in Rehoboth, Massachusetts.  The Haydens executed a promissory note memorializing the loan and a mortgage identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, acting "solely as a nominee" for the lender and the lender's successors and assigns.  The mortgage also granted MERS, and its successors and assigns, power of sale over the property.  In January 2008, MERS assigned the mortgage to HSBC Bank USA, N.A. ("HSBC") as trustee for WFALT 2007-PA03.  In February 2010, HSBC reassigned the mortgage to itself as trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass Through Certificates, Series 2007-PA3.

The Haydens defaulted on their loan in 2008.  They then filed several bankruptcy petitions and requested injunctive relief, thereby delaying foreclosure until 2016.  After HSBC provided notice of a foreclosure sale in June 2016, the Haydens

---

[1] An opinion first issued in this appeal in August 2017.  In June 2018, that opinion was withdrawn, the judgment was vacated, and the case was reassigned to the current, entirely different panel.  See Hayden v. HSBC Bank USA, N.A., 867 F.3d 222 (1st Cir. 2017), withdrawn, 2018 WL 3017468 (1st Cir. June 14, 2018).  Having reviewed the record and relevant precedent, we now conclude that the withdrawn opinion properly resolved the issues on appeal.  Accordingly, we reiterate here, in substantial part, the analysis contained in the earlier opinion.

sued HSBC and Wells Fargo Bank, N.A. ("Wells Fargo"), the mortgage servicer, to enjoin the sale. They now appeal the district court's decision to deny their request for a preliminary injunction and to grant HSBC's and Wells Fargo's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, the Haydens challenge the district court's dismissal of their claims that (1) HSBC cannot foreclose on their property under Massachusetts General Laws Chapter 244, § 14, and (2) the mortgage is obsolete by operation of Massachusetts General Laws Chapter 260, § 33.[2]

We review the district court's order of dismissal for failure to state a claim de novo. Harry v. Countrywide Home Loans, Inc., 902 F.3d 16, 18 (1st Cir. 2018). The district court properly dismissed the Haydens' claim that HSBC cannot foreclose on the property on their view that MERS's assignment of the mortgage to HSBC was invalid. As the district court found, this claim is foreclosed by precedent, which holds that MERS can validly assign a mortgage without holding beneficial title to the underlying property, see Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291-93 (1st Cir. 2013), and that borrowers do not have standing to challenge a mortgage assignment based on an alleged violation of

_____

[2] The Haydens do not challenge the district court's dismissal of their claim that Wells Fargo violated Massachusetts General Laws Chapter 93A by failing to comply with 209 Mass. Code Regs. 18.17 and 18.21.

a trust's pooling and servicing agreement, see <u>Butler</u> v. <u>Deutsche Bank Tr. Co. Ams.</u>, 748 F.3d 28, 37 (1st Cir. 2014).

Our decision in <u>Dyer</u> v. <u>Wells Fargo Bank, N.A.</u>, also issued today, reaffirms <u>Culhane</u>'s holding that a mortgage contract can validly make MERS the mortgagee and authorize it to assign the mortgage on behalf of the lender to the lender's successors and assigns. See <u>Dyer</u>, No. 15-2421, slip op. at 5-6 (1st Cir. April 17, 2020). <u>Dyer</u> also disposes of the assertion that the Massachusetts Supreme Judicial Court's ("SJC") decision in <u>Eaton</u> v. <u>Federal National Mortgage Association</u>, 969 N.E.2d 1118 (Mass. 2012), renders <u>Culhane</u> noncontrolling where, as here, the foreclosing party holds both the note and the mortgage. See <u>Dyer</u>, slip op. at 6 n.3; <u>see</u> <u>also</u> <u>Eaton</u>, 969 N.E.2d at 1133 n.28 ("[A] foreclosing mortgage holder such as [the nominee's assignee] may establish that it either held the note or acted on behalf of the note holder at the time of a foreclosure sale by filing an affidavit in the appropriate registry of deeds . . . .").

The district court also properly dismissed the Haydens' obsolete mortgage claim, which has no basis in the plain text of the statute or in precedent. Under Massachusetts's obsolete mortgage statute, a mortgage becomes obsolete and is automatically discharged five years after the expiration of the stated term or maturity date of the mortgage. See Mass. Gen. Laws ch. 260, § 33. Nothing in the text of the statute supports the Haydens' assertion

- 4 -

that the acceleration of the maturity date of a note affects the five-year limitations period for the related mortgage. Their citation to the SJC's decision in Deutsche Bank National Trust Co. v. Fitchburg Capital, LLC, 28 N.E.3d 416 (Mass. 2015), is inapposite because the decision makes no mention of the impact of an accelerated note on the obsolete mortgage statute's limitations period. We rejected this same argument in Harry v. Countrywide Home Loans, 902 F.3d at 19, and our view was recently noted and adopted by the Massachusetts Appeals Court, see Nims v. Bank of N.Y. Mellon, [-- N.E. 3d --], 97 Mass. App. Ct. 123, at *4 & n.14 (March 3, 2020). The Massachusetts court observed that neither the statute's language nor its "purpose and design" support the interpretation espoused by the Haydens. See id. at *4; see also id. at *3 (discussing the statute's legislative history).

We agree that the Haydens failed to state a claim, substantially for the reasons articulated by the district court. Without adopting the district court's opinion, we summarily affirm. See 1st Cir. R. 27.0(c).

So ordered.