UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Thomas

     v.

Warden, Federal Correctional
Institution, Berlin, New Hampshire

Civil No. 13-cv-259-LM
Opinion No. 2022 DNH 043 P

**O R D E R**

Petitioner Robert Thomas is a federal prisoner currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). He filed this action in 2013 seeking a writ of habeas corpus under 28 U.S.C. § 2241, challenging the sentence calculation and projected release date arrived at by the federal Bureau of Prisons ("BOP"). This court dismissed Thomas's habeas petition as successive on February 5, 2015. See doc. no. 44. Since then, Thomas has been consistently filing motions in this court, seeking to reopen the matter and obtain relief. Specifically, Thomas seeks an order directing the BOP to recalculate his sentence to credit him for the 8 years and 23 days that he spent in the custody of the Illinois Department of Corrections ("Illinois DOC") after his federal sentence was imposed. To that end, Thomas has filed the following documents which are before the court:

- motion for summary judgment (doc. no. 123);

- motion to clarify (doc. no. 124);

- motion to stay briefing schedule (doc. no. 125);

- emergency jurisdiction notice (doc. no. 126)

- motion to extend deadline (doc. no. 127);

- motions to expedite (doc. nos. 128-130, 132-134, 136, 139);

- emergency motion for immediate release due to extraordinary circumstances (doc. no. 131);

- motion for mandamus (doc. no. 135); and

- letter to the Clerk seeking copies of the docket sheet and all the court's rulings in this matter (doc. no. 138).

Additionally, Thomas has filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (doc. no. 137), alleging that newly discovered evidence supports his request for relief. In a separate order—also issued today—the court outlines a briefing schedule for consideration of that matter. That scheduling order contains a more in-depth summary of the facts and procedural history of Thomas's case.

## Motion for Summary Judgment (Doc. No. 123)

Thomas has filed a motion for summary judgment in this closed case. Thomas states that according to the BOP's calculation of his sentence, his federal prison term is set to expire in 2031. Thomas claims that if the BOP were to calculate his sentence correctly, his prison term would expire in 2023. Thomas alleges that the discrepancy results from the BOP's failure to credit 8 years and 23 days he spent in state custody in Illinois against his federal sentence. Thomas asserts that this credit had been anticipated by the plea agreement in his state criminal case, and the state sentencing court (the Cook County Circuit Court), which directed that Thomas's 20-year state prison sentence run concurrently with

Thomas's already-imposed 30-year federal sentence, and further directed that Thomas's state sentence be served at the federal facility where he would serve his federal sentence.

In this motion for summary judgment, Thomas argues that because the BOP has not awarded him the relief he seeks, he has been denied the opportunity to participate in BOP's Residential Drug Abuse Program ("RDAP"), a nine-month long drug and alcohol treatment program. He alleges that had he been given the opportunity to participate in RDAP, he would have completed the program and been conferred a twelve-month sentence reduction. Thomas further argues that, but for the BOP's allegedly erroneous calculation of his sentence, he might have already been assigned to a Residential Reentry Center ("RRC"), a BOP transitional facility where he expects to spend 9 to 12 months before being released to the community.

At this stage of the case, a motion for summary judgment is not the correct vehicle to obtain the result Thomas seeks. Thomas must instead seek relief under Rule 60(b) of the Federal Rules of Civil Procedure. Since filing his motion for summary judgment, Thomas has filed a motion for relief under Rule 60(b) (doc. no. 137), and that motion is pending. Accordingly, the court denies Thomas's motion for summary judgment, and instead construes the motion for summary judgment (doc. no. 123) as an addendum to his pending Rule 60(b) motion.

**Motion to Clarify (Doc. No. 124)**

In its March 23, 2021 order (doc. no. 122), the court granted Thomas's request for subpoenas for documents and other records in the possession of the Illinois State

3

Attorney's Office, the Illinois Department of Corrections, the Cook County Circuit Court, and Attorney Thomas J. Maroney. Thomas now asserts that his request for subpoenas was intended to compel certain individuals to testify in this court concerning issues related to his arguments in this case.

To the extent Thomas now asks the court to issue subpoenas ordering individuals to appear to testify, the motion is denied, as there is no hearing presently scheduled, or anticipated, in this matter. The denial of Thomas's request is without prejudice to his ability to ask the court to issue subpoenas for witness testimony if the court holds an evidentiary hearing in this matter in the future.

**Motions Concerning Briefing Schedule (Doc. Nos. 125, 127)**

A year ago, on March 23, 2021, the court granted Thomas leave to file a motion for relief from judgment under Rule 60(b). See doc. no. 122. The court stated such a motion would be due within 90 days of that order—i.e., by late June 2021. Thomas now seeks to extend the deadlines set in that order, and to stay the briefing schedule pending ruling on his motion for summary judgment (doc. no. 123), which the court denies in this order.

In a separate order issued today, the court has issued a new briefing schedule regarding Thomas's Rule 60(b) motion which replaces the briefing schedule set forth in the March 23, 2021 Order. Accordingly, the motions to extend deadlines and to stay the briefing schedule are granted to the extent those requests are consistent with the new briefing schedule and are denied to the extent those motions seek any other relief.

4

## Motions to Expedite (Doc. Nos. 127-130, 132-136, 139)[1]

Thomas asks this court to expedite consideration of this matter. His motions to expedite are granted to the extent those requests are consistent with the briefing schedule issued today and denied to the extent they seek any other relief.

To the extent Thomas's motions seeking expedited treatment of this matter contain arguments in support of the relief sought in his pending Rule 60(b) motion (doc. no. 137), the court construes, and will consider, the pertinent factual assertions in document numbers 127-130, 132-136, and 139 as addenda to document number 137 (the Rule 60(b) motion).

## Request for Copies of Case Documents (Doc. No. 138)

Thomas has sent a letter to the court (doc. no. 138) seeking copies of his docket sheet and all the court's rulings in this matter, stating that, due to recent lockdowns at FCI Berlin, he does not have access to all his legal materials. Thomas's motion for copies is granted. The Clerk's office is directed to send Thomas a copy of his docket sheet in this case, as well as copies of the court's orders docketed as document numbers 44, 51, 64, 80, 88, 101, 103, and 122. The court directs the Clerk's office to provide these copies to Thomas without cost, as a one-

---

[1] In Document no. 135, seeking "Mandamus" under the All Writs Act, 28 U.S.C. § 1651, Thomas asks the court to construe his motions to expedite as asserted under § 1651. A court does not issue a writ to expedite consideration of motions before it. Accordingly, the request for consideration under § 1651 is denied, and document no. 135 is construed as a motion to expedite consideration of this matter.

time courtesy. Thomas will be expected to pay the standard per-page copying fees if he seeks additional copies of case documents in the future. If Thomas, upon review of the docket sheet, determines that he needs copies of any additional documents in this case, he should file a motion explaining why he needs those documents.

## Motion for Immediate Release (Doc. No. 131)

Thomas asks this court to order his immediate release from prison, arguing that "extraordinary circumstances," doc. no. 131 at 1, warrant such relief. In support of this request, Thomas alleges that the BOP has miscalculated his sentence, and that but for that miscalculation, he might have already been released from prison.

Since this action was filed, Thomas has consistently alleged that the BOP has miscalculated his federal sentence in violation of his due process rights, by refusing to credit his federal sentence with 8 years and 23 days he spent in the custody of the Illinois DOC, serving a sentence imposed by an Illinois state court, before being released from the Illinois DOC to federal custody on November 19, 2008. Currently, the BOP calculates Thomas's sentence to reflect a release date of May 27, 2031. See Sept. 30, 2021, Pet'r's BOP Sentence Monitoring Computation Data sheet (doc. no. 134-1 at 3). If Thomas were to be granted 8 years and 23 days of pretrial confinement credit, the date of his expected release from prison would likely be in 2023.

In addition to that credit, Thomas asks the court to direct the BOP to deduct an additional 12 months from his federal sentence. In support of that request,

Thomas alleges that, but for the BOP's calculation errors, he would have already completed the BOP's RDAP, a nine-month drug treatment program. He claims that completion of RDAP could have resulted in his sentence being reduced by 12 months. Thomas asserts that, because federal prisoners are not eligible to participate in RDAP until they are within 48 months of their projected release date, the BOP's calculation has rendered him ineligible for that program to date. Thomas alleges that, had the BOP calculated his sentence correctly, he would already have been allowed to complete RDAP and would have thereby earned a 12-month sentence reduction.

Thomas further asserts that extraordinary circumstances exist here because, had the BOP not miscalculated his sentence, he would likely already have been released from FCI Berlin and placed in an Residential Reentry Center. Thomas asserts that he has been advised that, due to the length of his sentence, his Unit Team would recommend that he be placed in an RRC 9 to 12 months before his sentence expired. Sept. 28, 2021 N. Cairns Mem. (doc. no. 134-1) ("Cairns Mem."). Based on his surmise of how his sentence would have played out had the BOP calculated it as he believes it should have, Thomas might have already been released from FCI Berlin and placed at an RRC to complete his sentence.[2]

In sum, Thomas asks the court to find that he is entitled to an 8 year and 23 day reduction of his sentence, for the time he spent in Illinois DOC for which he was

---

[2] Thomas cites a recent recalculation of his sentence, which resulted in his being awarded 178 days of pretrial confinement credit, as evidence that the BOP has been failing to properly calculate his sentence for years.

not awarded pretrial confinement credit against his federal sentence. In addition, he asks the court to further reduce his sentence by 12 months because he has not been allowed the opportunity to timely earn that reduction by completing RDAP. Thomas asks that the court, upon making those findings, order that he be immediately released from prison.

I.     Legal Standard

Thomas asks the court to direct his release from incarceration, and thus seeks mandatory injunctive relief prior to the resolution of his pending Rule 60(b) motion. "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620 (1st Cir. 1995).

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" Harry v. Countrywide Home Loans, Inc., 215 F. Supp. 3d 183, 186 (D. Mass. 2016) (citations omitted), aff'd, 902 F.3d 16, 18 (1st Cir. 2018). Plaintiffs seeking a preliminary injunction must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. Glossip v. Gross, 576 U.S. 863, 876 (2015).

Irreparable harm and likelihood of success are the factors that weigh most heavily in the analysis. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22

(2008); Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citations omitted). As for the irreparable harm element, "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

Thomas asks the court to issue a "mandatory preliminary injunction, which requires affirmative action by the non-moving party." Braintree Labs., Inc. v. Citigroup Glob. Mkts., Inc., 622 F.3d 36, 40-41 (1st Cir. 2010). "Because a mandatory preliminary injunction alters rather than preserves the status quo, it 'normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" Id. at 41 (citation omitted). "Because [mandatory] injunctions are 'disfavor[ed],' the moving party must make an even stronger showing of entitlement to relief than is typically required." La Simple Co, Ltd. v. SLP Enters., LLC, 2021 U.S. Dist. LEXIS 81209, at *10-*11, 2021 WL 1648762, at *4 (D. Mass. Apr. 27, 2021) (quoting Lewis v. Gen. Elec. Co., 37 F. Supp. 2d 55, 62 (D. Mass. 1999)).

9

## II.     Likelihood of Success on the Merits

This case is closed.  Thomas's § 2241 petition has been dismissed.  The court has not yet granted any of Thomas's multiple requests for relief from that judgment.  Thomas does have a pending motion for relief from judgment (doc. no. 137), but in a separate order issued today, the court directed parties to submit supplemental briefing regarding that motion.  Without the benefit of that briefing, Thomas has not shown a likelihood of success on the merits.

## III.    Irreparable Harm

Thomas argues that if the court does not order the relief he seeks, he will be irreparably harmed by having to spend time in prison that he would not have had to spend had the BOP calculated his sentence as Thomas has requested.  Even assuming that Thomas could demonstrate that he is likely to succeed on the merits of his claims for post-judgment relief in this matter, he has not demonstrated that the requested recalculation of his sentence would necessarily have resulted in his timely admission to—and successful completion of—RDAP.  Further, he cannot show that upon completion of RDAP, he would automatically receive a 12-months sentence reduction.  Thomas's Unit Team has informed him that "the psychology department would inform you of the eligibly (sic) of the year off of your sentence upon completion of [RDAP]."  Cairns Mem.  Additionally, while the Unit Team has advised Thomas that it would recommend that he spend 9 to 12 months in an RRC, he has not been guaranteed any particular time in an RRC.  As to all of the ways Thomas claims his federal sentence might be reduced, Thomas asks the court to

10

find that he is now entitled to such reductions based on his assumption that he would have—or will—satisfy the requirements for obtaining such sentence adjustments. Thomas's assertion that he should have been able to (or would have if he had been given the opportunity) completed all of the prerequisites to his release, is speculative. Thomas has neither been granted nor guaranteed any of the sentence reductions he seeks, and the opinions or recommendations of his Unit Team, upon which Thomas relies, fall short of creating a protectable interest requiring his immediate release from incarceration.

Conjecture and surmise regarding uncertain future events does not provide a basis for this court's finding of irreparable harm. See Charlesbank Equity Fund II, 370 F.3d at 162. Thomas's reliance on such speculation and surmise does not provide grounds for granting his request for mandatory injunctive relief.

For these reasons, Thomas cannot show that, without the requested injunction, he will suffer imminent, nonspeculative, irreparable harm. Further, as stated above, Thomas has not demonstrated that he is likely to succeed in his claim that the BOP did indeed miscalculate his sentence. Accordingly, Thomas's motion for immediate release (doc. no. 131) is denied.

### Exposure to Covid-19 (Doc. No. 126)

Thomas has filed a notice (doc. no. 126) urging the court to allow him to be released from prison as soon as possible, based on a surge in COVID-19 cases at FCI Berlin. Although Thomas had not contracted COVID-19, he expresses concern that his pre-existing condition (chronic asthma) would put him at risk of "sudden demise"

11

prior to this court's resolution of the issues he urges in his post-judgment motions. Since filing his notice, Thomas has sent the court a copy of his vaccination card indicating that he has received two COVID-19 vaccines. See doc. no. 134-3 at 1.

To the extent Thomas is seeking compassionate release from incarceration based the conditions created by the existence of COVID-19 in the prison, those claims are not appropriately raised in this case. Thomas must raise such claims in a motion under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), filed in the sentencing court. Thomas's request is therefore denied. The denial is without prejudice to Thomas's ability to seek such relief in the future, in an appropriate court.

## CONCLUSION

For the foregoing reasons, the court now enters the following order:

1.      Thomas's motion for summary judgment (doc. no. 123) is DENIED.

2.      Thomas's motion to clarify (doc. no. 124) is DENIED without prejudice to his ability to seek subpoenas to secure witness testimony should this court schedule an evidentiary hearing in this matter in the future.

3.      Thomas's motion to stay briefing schedule (doc. no. 125) and motion to extend deadlines (doc. no. 127) are GRANTED in part, to the extent the requests therein are consistent with the briefing schedule issued today in a separate order, and are DENIED to the extent they seek any other relief.

4.      Thomas's request that the court construe his motions to expedite as arising under the All Writs Act, 28 U.S.C. § 1651, is DENIED.

5.      Thomas's motions to expedite (doc. nos. 127-130, 132-136, 139) are GRANTED in part, to the extent those requests are consistent with the briefing schedule issued today in a separate order, and are DENIED to the extent they seek any other relief.

12

6.      Thomas's motion for immediate release (doc. no. 131) is DENIED.

7.      Thomas's request for release contained in his notice regarding COVID-19 (doc. no. 126) is DENIED without prejudice.

8.      Document nos. 123-125, 127-130, 132-136, 139, and 140, to the extent they contain factual assertions and legal arguments relevant to Thomas's Rule 60(b) motion (doc. no. 137), are construed as addenda to that motion for all purposes.

9.      The Clerk's office is directed to send Thomas, with this order, a copy of the docket sheet in this case, and copies of document nos. 44, 51, 64, 80, 88, 101, 103, and 122, without cost, as a one-time courtesy.


SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 30, 2022

cc:     Robert Thomas, pro se
        Seth R. Aframe, Esq.